UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

MARCUS I. WASHINGTON,

Plaintiff,

v.

AMERICAN ARBITRATION ASSOCIATION, PETER KEVIN CASTEL, ERIC KOMITEE, The Estate of ROBERT P. PATTERSON, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, CHAROLETTE BURROWS, KEITH SONDERLING, ANDREA LUCAS, KALPANA KOTAGAL, JOCELYN SAMUELS,KARLA GILBRIDE, YAW GYEBI, LISA MORELLI, WESLEY KATHARIA, DOLANDA YOUNG, RURY ARZU,

Defendant.

Civil Action No. __24__ CIV **7577-PKC-PK**

**DEMAND TO MOVE CASE TO NON-RACIALLY SEGREGATED DISTRICT COURT AND FOR AN EXPEDITED DISCOVERY/JURY TRIAL**

# Chen, J
# Kuo, MJ

RECD IN PRO SE OFFICE
DEC 30 14 PM 3:51

## COMPLAINT

*Pro se* Plaintiff Marcus I. Washington (or "Mr. Washington"), submits this Complaint solely against Defendants American Arbitration Association ("AAA"), Article III federal judges Peter Kevin Castel, Eric Komitee and the Estate of Robert P. Patterson, the Equal Employment Opportunity Commission, et al. to address the conspiracy and fraud, as well as correct this miscarriage of justice.

Due to the fact that I work a demanded, full-time job and began writing this latest draft this morning, this Complaint will have to be amended after this Court determines the proper venue for this case to be resolved. However, all parties named in this Complaint are fully aware of the facts that prove each of my claims.

I respectfully ask that my employment discrimination claims against The Whitby Hotel, Firmdale Hotels PLC and its employees Elizaveta Konoshenko and Milena Cesarska be stayed pending the resolution of claims against Defendants AAA, Castel, Komitee, the EEOC and its employees Lisa Morelli, Wesley Katharia, Dolanda Young, Rury Arzu and its Commissioners, and following the resolution of this case, that that complaint be transferred to a non-racially segregated federal court.

### I.NATURE OF CLAIMS:

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress the unlawful and highly unethical conduct of Defendants American Arbitration Association, Article III federal judges Peter Kevin Castel and Eric Komitee (in their individual capacities), and the Equal Employment Opportunity Commission ("EEOC") for engaging in a race-based conspiracy to subvert the substantive strength of the Civil Rights Act of 1964, as well as "freeze" racial segregation throughout all areas of society.
2. All Defendants are well aware of the facts in which these claims arise and have been given sufficient notice that they would be sued.

### II.JURISDICTION AND VENUE:

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the U.S. Constitution, specifically the 5th and 14th Amendments. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful business practices alleged herein, occurred in this district.

## III.PROCEDURAL REQUIREMENTS:

5. As a condition of employment at The Whitby Hotel, Plaintiff Mr. Washington signed an arbitration agreement as a condition of employment, which stated all issues had to be resolved by the American Arbitration Association. *See Exhibit A.*

6. PLAINTIFF Mr. Washington filed a charge of discrimination against The Whitby Hotel with Defendant Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII, 42 U.S.C. §§ 2000e *et seq.*

7. On September 30, 2024, Defendant Equal Employment Opportunity Commission issued a Notice and Right to Sue letter to PLAINITFF Mr. Washington, stating "The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might not be construed as having been raised by this charge." *See Exhibit B.*

8. On October 15, 2024, PLAINTIFF Mr. Washington submitted an appeal directly to the EEOC's Commissioner and Board of Directors, and in an effort to further violate my constitutional right to due process, they forwarded the appeal to the wrong department so that the deadline to file a complaint in federal court or arbitration would not be stayed. *See Exhibit C.*

9. On November 18, 2024, Wesley Katharia and Lisa Morelli issued its decision, upholding the New York Office's Dismissal. *See Exhibit D.*

10. Although I have raised objections to having this case arbitrated before Defendant AAA and TWH, *See Exhibit E,* due to past fraud, I filed a Demand for Arbitration with the AAA to make sure my Title VII claims would not be dismissed. *See Exhibit F.*

11. Any and all other prerequisites to the filing of this suit have been met.

## IV.FACTUAL ALLEGATIONS:

9. African Holocaust: Slavery and Jim Crow semi-slavery.
10. Dred Scott v. Sanford and Plessy v. Ferguson.
11. Majority of U.S. civil rights laws were created as a direct response to Black-led protests.
12. Brown v. Board of Education of Topeka, 1954.
13. Passage of the Civil Rights Act of 1964's purpose.
14. EEOC was created in what year to do what.

### A. Plaintiff's Personal Experiences with Employment Discrimination & Deliberate Failures of EEOC, Arbitration and Federal Courts:

15. In 1984, I was born to two foundational black Americans in Winston-Salem, North Carolina.
16. After graduating from the University of Miami with my Bachelor's and Master's degrees, I moved to New York City to continue my career working in the music industry.
17. Although New York City is one of the most ethnically and culturally diverse cities in the U.S., it is also one of the most racially segregated.
18. Since 2010, I have had to work in three racially segregated industries (e.g. Hollywood, education and hospitality) and have had to file three separate complaints with the EEOC against my racially segregated employers after experiencing a number of microaggressions and disparate treatment that ultimately led to me being unlawfully discriminated against in violation of federal, state and local antidiscrimination laws.

### a. William Morris Endeavor Entertainment:

19. From September of 2008 to April of 2010, I was employed as an Agent Trainee for the "Jewish"-owned and oldest talent agency in Hollywood — the William Morris Agency (now known as William Morris Endeavor Entertainment).
20. After being constructively discharged after complaining that I was unable to rise above the company's glass ceiling. I filed a complaint with the EEOC.
21. The EEOC assigned Andrea Hahm to investigate the Complaint.
22. After filing the complaint, the EEOC dismissed the case without conducting an investigation after investigator Andrea Hahm claimed I did not respond to an additional form asking for the EEOC to investigate the claims after I submitted the complaint.
23. A Dismissal and Notice of Rights letter was issued by the EEOC on [insert date]. *See Exhibit G.*
24. On [December __, 2010], I filed a Complaint in the Southern District of New York.

2

25. Peter Kevin Castel was assigned to preside over the case and James C. Francis, IV was selected to serve as the magistrate judge.

26. Castel was born before the passage of the Civil Rights Act of 1964, is a male classified as "white" and was appointed to the bench by Republican President George W. Bush.

27. During the case, Castel was also employed as a law professor at New York University Law School.

28. WME's counsel, Loeb & Loeb LLP, immediately moved to compel the case into arbitration.

29. While appealing Castel's decision to the Second Circuit, I learned that Loeb & Loeb LLP represented WME in an earlier racial discrimination and antitrust case involving a class of black concert promoters and engaged in "fraud upon the Court" to prevent the merits of the case from being decided by an impartial jury.

30. The case – Rowe Entertainment v. William Morris Agency et al. – was also litigated in the Southern District of New York and another Republican appointed, "white" male federal judge – Robert P. Patterson – presided over the case.

31. During electronic discovery in Rowe Entertainment v. William Morris Agency et al., the class of black concert promoters sought to search the hard drives of

32. WMA and CAA for employee e-mails containing racially derogatory terms.

33. The class of black concert promoters paid $200,000 to search the hard drives of William Morris and Creative Artists Agency for racially derogatory terms.

34. On the day the search results were delivered, attorneys from Sonnenschien Nath & Rosenthal LLP (now known as Dentons LLP) told Mr. Rowe that no derogatory terms had been discovered.

35. To this day, Loeb & Loeb LLP and its attorneys Mr. Zweig and Mrs. Gavaris list this case on their website as a way to attract corporations to be represented by their law firm for employment discrimination, civil rights and antitrust matters.

36. In opposition, I applied antidiscrimination law as a lens to show that the agreement was unconscionable based on the company's history of racism and racially segregated workplace present day that I was unaware that I was entering into at the time of signing the contract.

37. On December 17, 20___, the arbitrator issued his Partial Final Award, concluding that WME discriminated against me on the basis of my race and indicated that during the second phase of the bifurcated proceeding, that I would be granted the full gamut of monetary damages sought, including but not limited to backpay, front pay, compensatory and punitive damages, pro se attorney's fees and additional costs due to the harmful delay caused by WME and its attorneys.

38. In violation of due process and the prevailing case law, the AAA allowed opposing counsel to move to disqualify the arbitrator and then granted their request.

39. In or around that time, I learned that the AAA also was aware that one of its executives, Sasha Angelique Carbone, was married to one of the attorneys arbitrating the case on WME's behalf, Christian Carbone.

40. While the EEOC was conspiring to undo the decisions of the only lawfully appointed arbitrator, I filed an exhaustive and voluminous Fraud Upon the Court Motion with Castel, seeking in part, his disqualification, or in the alternative, for him to conclude that arbitration was an inappropriate forum for this case and to hold WME's counsel accountable for their highly criminal and unethical conduct in not only my case, but in Rowe as well.

41. In response to the Fraud Upon the Court Motion, Castel refused to disqualify himself and told me to continue arbitrating the case.

42. Because I continued to object to Timothy K. Lewis' jurisdiction, he dismissed my arbitration with prejudice.

43. After the case was dismissed, I discovered that William Morris and/or its attorneys were paying Lewis directly in further violation of Defendant AAA's Rules.

44. In order to prejudice my appeal and protect those who conspired to deprive me, and other African Americans, of our unalienable, human, constitutional and civil rights under the color of law,

45. In or around July of 2020, following the extrajudicial murder of George Floyd, the CEO of WME, Ariel Emanuel, released a statement acknowledging that Hollywood had a problem with racism and publicly vowed to implement employment practices, policies and procedures to diversify its workplaces and become inclusive – the same relief I ultimately sought in my case.

46. On June 21, 2021, the Department of Justice released a press release, stating in part: "The Department of Justice announced today that two executives of Endeavor Group Holdings Inc. – Chief Executive Officer and Director Ariel Emanuel, and President Mark Shapiro – have resigned their positions on the Live Nation Entertainment Inc. Board of Directors after the department expressed concerns that their positions on the Live Nation Board created an illegal interlocking directorate" in violation of antitrust laws.

47. Prior to this decision, a company My Ampitheater Inc. sued Live Nation for violations of antitrust law and "asked a California judge to compel WME to turn over documents that it says may prove crucial to showing that Live Nation has been coercing musicians towards playing only certain concert venues."

48. Prior to that case, in Rowe, the class of black concert promoters also accused WME, Creative Artists Agency and others of maintaining a race-based monopoly to exclude them from booking "white" acts and limit their bookings for superstar Black acts.

3

**b. New York City Department of Education:**

49. From December of 2017 to October of 2022, I was employed as a Substitute Teacher for the New York City Department of Education.

50. From December of 2021 to August of 2022, I was employed as a long-term Substitute Teacher at P.S. 250 – an elementary school in my neighborhood of Brooklyn.

51. I was the only African American employed at the school as an educator.

52. After being unlawfully terminated

53. The EEOC assigned _____ to investigate the Complaint.

54. My complaint against NYCDOE was later amended after I was terminated from the entire company after refusing the COVID-19 vaccine.

55. Due to my objections about the EEOC's New York office's impartiality, I sought to have another state investigate my claims.

56. On [insert date], my complaint was transferred to Florida, and shortly after, it was transferred to Indianapolis District Office on February 10, 2023.

57. Although I was told a final decision resolving all claims would be made, I received another generic Dismissal and Notice of Rights letter was issued by the EEOC on [insert date]. *See Exhibit H.*

58. On [insert date], I filed a Complaint for Reparations in the Eastern District of New York against the United States of America seeking relief for the African Holocaust.

59. Named defendants included, but were not limited to: Donald J. Trump, Joe Biden, Kamala Harris, Anthony Fauci, Bill Gates, Bill & Melinda Gates Foundation.

60. Based on the recent admission of WME's CEO, I also used this Complaint to address the "fraud upon the Court" committed by various parties in my earlier case against WME.

61. This Complaint also sought to resolve my many claims against New York City Department of Education, which were not limited to violations of employment civil rights laws and also included claims such as genocide, conspiracy, fraud and unjust enrichment.

62. Eric Komitee was assigned to preside over the case and Peggy ____ was selected to serve as the magistrate judge.

63. Komitee was born after the passage of the Civil Rights Act of 1964, is a male classified as "white" and was appointed to the bench by Republican President Donald J. Trump.

64. Throughout this case, Komitee has been employed as a law professor at Columbia Law School.

65. Six months after filing the Complaint, Komitee issued his decision on my IFP request, but also concluded that I could file an Amended Complaint which only took legal action against NYCDOE and that I could only sue under Title VII, but not Section 1981, New York State Human Rights Law or New York City Human Rights Law.

66. In response, I submitted a Motion for Reconsideration, which also requested Komitee to disqualify himself due to the appearance of and/or his actual bias, prejudice, impropriety and partiality in favor of NYCDOE.

67. Following this decision, Hochul announced that the State of New York's legislature was going to be [reparations].

68. Following this decision, Adams, as well as the Chancellor of NYCDOE, David Banks, were indicted.

69. After ____ immediately granting Defendant NYCDOE's counsel an extension of time to respond to the Amended Complaint, they instead filed a Motion to Dismiss on the date their Answers were due.

70. Instead of compelling Defendant NYCDOE's to answer the Amended Complaint, he instead allowed them to deny all claims.

71. In opposition to Defendant NYCDOE's Motion to Dismiss, I again sought Komitee's disqualification based on newly discovered evidence further proving his bias, prejudice, impropriety and partiality in favor of the predominately "white" defendants named in the case.

72. While drafting the pleading, I discovered that in another case Komitee was presiding over, that a motion for disqualification had been recently filed after Komitee's financial disclosures were revealed.

73. Komitee – one of the wealthiest federal judges on the bench – was a former ____ investor and has money invested in numerous companies, including Live Nation.

74. As of today, Komitee has not made a decision on the motions before him and has not disqualified himself although he should have done so by now.

**c. The Whitby Hotel:**

75. From July __, 2024 until October 27, 2024, I was employed as an Event Manager at the Whitby Hotel.

76. As a condition of working at a 5-star hotel, I signed an arbitration agreement. *See Exhibit A.*

77. Upon being hired, I learned that TWH was maintaining a racially segregated workplace in which most African American were employed in lower-status, lower-paying positions.

78. I was the only full-time African American employed in the Events team.

4

79. Two of the per diem Event Servers were Black, but they both worked infrequently and the Jamaican male server lived in Miami, Florida full-time.

80. Throughout the entirety of my employment at TWH, I was treated differently in the terms and conditions of my employment in comparison to my similarly situated white, female counterparts and worked in a racially hostile environment courtesy of Senior Event Captain, Milena Cesarska.

81. On October 27, 2024, I was terminated by Elizaveta that I was "not a good fit" for the events team after being told weeks earlier during my 90-day evaluation that I was on track to becoming one of the company's "superstars.".

82. On [insert date], I filed a demand with the EEOC, raising claims of systemic disparate treatment, systemic disparate impact, post-hiring individual disparate treatment based on race, color, perceived national origin and/or sex, hostile work environment and retaliation under Title VII.

83. The EEOC assigned Rury Arzu to investigate the Complaint.

84. Arzu is Black woman and is not an attorney, nor is she an expert in antidiscrimination law.

85. Throughout Arzu's investigation, she made a number of prejudicial statements showing her bias and allowed numerous procedural violations in order to deprive me of my constitutional rights and harmfully delay the matter from being resolved in a timely manner. *See* Exhibit I.

86. Although I asked from the beginning to receive an opinion which acknowledged and resolved all claims, I received a third Dismissal letter from EEOC on September 30, 2024. *See* Exhibit B.

87. Hours before receiving the Dismissal, Arzu called and e-mailed me while at work, stating that she wanted to know if I had any more evidence to present for consideration and told me that based on evidence presented, I hadn't I hadn't identified my similiarly white counterparts although I had and said I had shown that the remarks made were discriminatory although I never made the accusation. She made no mention of my claims of systemic disparate treatment, disparate impact, retaliation or sex-based individual disparate treatment claims. *See* Exhibit J.

88. As an immediate response, I appealed the decision to the Board of Directors and Commissioner instead of filing an appeal through the EEOC portal.

89. Instead of forwarding the appeal to the Office of _____, it was sent to the Office of ____ — which does not have the authority to determine the merits of a complainant's claims.

90. On November 18, 2024, Wesley Katahira submitted their response. *See* Exhibit D.

91. Morelli and Katahira abused their power and obstructed justice by doing so.

92. On December 9, 2024, I submitted a FOIA request to obtain all documents in my file, including the final two documents submitted by TWH that I was never privy to. *See* Exhibit K.

93. On December 10, 2024, I received an e-mail from a representative from the EEOC confirming that my request had been received. *See* Exhibit L.

94. Because of the fraud committed by Defendant AAA in my case against William Morris Endeavor Entertainment, I spent a year trying to discuss this matter with Defendant AAA and TWH to no avail. *See* Exhibit E.

95. On December 29, 2024, I filed a Demand for Arbitration with the American Arbitration Association to ensure Title VII's procedural requirements were met. *See* Exhibit F.

96. I had to pay a $350 filing fee to submit the Demand. *See* Exhibit M.

97. Based on the one-sided arbitration agreement, both parties have to incur the costs of arbitration which I am financially unable to do. *See* Exhibit N.

98. In the Demand, I asked for the arbitration to be stayed pending a resolution from the federal court.

99. TWH's arbitration agreement does not contain a "Delegation Provision" so the federal court has the authority to decide the issue of arbitrability.

## B. Proof of A Conspiracy:

100. 60 years after the passage of Title VII, racial segregation remains rampant throughout all areas of society, especially the American workplace.

101. The gross underrepresentation of qualified African Americans throughout the American workplace is not accidental or due to chance. Instead, it is intentional.

102. The US government uses the EEOC and arbitration to limit the number of anti-discrimination cases filed by African Americans that make it to federal court and from there, predominately "white" federal judges do everything in their racist power to narrowly interpret the law to prevent impartial juries from deciding the merits.

### a. The Conservative Judicial Agenda:

103. In an effort to eviscerate the substantive strength

104. Beginning Ronald Reagan
105. Narrowly construing our nation's antidiscrimination laws.
106. In all cases that I have filed, Defendants Castel and Komitee have ignored my claims of systemic disparate treatment and systemic disparate impact.
107. In all cases that I have filed, Defendants Castel and Komitee have ignored all historical or statistical evidence used to support my claims, as well as any sociological jurisprudence or law literature cited.
108. Both Castel and Komitee are "white" male federal judges appointed to the bench by "white" male, Republican Presidents.

### b. EEOC:

109. Requires employers to submit EEO-1 data every year.
110. Systemic and E-RACE Initiatives
111. Despite these initiatives, the EEOC dismisses majority of complaints filed each year.
112. In all cases that I have filed, the EEOC has ignored my claims of systemic disparate treatment and systemic disparate impact.
113. In all cases that I have filed, the EEOC has ignored all historical or statistical evidence used to support my claims, as well as any sociological jurisprudence or law literature cited.
114. They are now filling important decisions with people of color whose parents, grandparents and/or great-grandparents were not born in this country (e.g. Yaw Gyebi, Kalpana Kotagal, etc.).
115. Unjust Enrichment

### c. The Re-election of Donald J. Trump:

116. Against DEI, affirmative action and quotas.
117. Against critical race theory
118. Wanting to give police immunity.
119. On December 10, 2024, NYPD police officer killed another Black man — Robert Brooks (age 43) — while handcuffed in a hospital bed and medical staff did not intervene.
120. All of these conservative policies are in alignment with Project 2025.
121. If and when Trump assumes office for a second term, he will continue to appoint mostly ideologically conservative, "white" male federal judges to the bench for lifelong terms.

### d. Race Is A Myth, Not A Biological Reality:

122. Despite the realities of racism and America's classification of its citizens by their "race," it doesn't change the fact that race is not a biological reality.


## V. CAUSES OF ACTION:

American Arbitration Association: fraud, conspiracy, violation of Ku Klux Klan Act of 1871, unjust enrichment

Peter Kevin Castel: intentional violations of U.S. Constitution, Oath of Office and the Judicial Code of Conduct, conspiracy, violation of Ku Klux Klan Act of 1871, fraud, unjust enrichment, Bivens Action

Eric Komitee: intentional violations of U.S. Constitution, Oath of Office and the Judicial Code of Conduct, conspiracy, violation of Ku Klux Klan Act of 1871, fraud, unjust enrichment, Bivens Action

Robert P. Patterson:

Equal Employment Opportunity Commission: fraud, conspiracy, violation of Ku Klux Klan Act of 1871, unjust enrichment

All EEOC employees that have deprived me of my constitutional rights and allowed predominately white employers to maintain their racially segregated workplaces in violation of Title VII must be terminated and no longer allowed to work for the U.S. government.

6

## VI.DEMANDS FOR RELIEF:

PLAINTIFF Mr. Washington sought to resolve this matter without the intervention of the courts, but instead, all Defendants named in this complaint decided to not take my claims seriously and conspired to subvert our nation's antidiscrimination laws.

WHEREFORE, the PLAINTIFF prays that the Court enters a judgment in his favor against all named Defendants, containing the following relief, including but not limited to:

### A.    Immediate Relief

- The immediate relief sought is invalidate TWH's arbitration agreement and allow the merits of this case to be decided by an impartial jury in federal court, as well as overturn all decisions rendered by Castel, Komitee and the AAA in two civil rights cases in which I'm named as the Plaintiff.

### B.    Post-Litigation Relief

#### i.   Declaratory:

- Finding that PLAINTIFF Mr. Washington and African Americans as a class have and are being discriminated against by DEFENDANT NYCDOE in the terms and conditions of their employment in comparison to their similarly situated "white," Latino and Asian counterparts.
- Finding that DEFENDANT NYCDOE is intentionally violating Brown v. Board of Education and Title VII with malice and/or reckless indifference to the federally protected rights of African Americans.
- Finding that "race" is not a biological reality and banning the classification of citizens based on this arbitrary social and legal construct.

#### ii.  Injunctive:

- DEFENDANT NYCDOE must refrain from violating federal, state and local laws prohibiting discrimination in employment and general life on the basis of race, color, national origin and sex.
- DEFENDANT NYCDOE must maintain records of the "racial" composition of its teacher and administrative workforce, broken down by gender, and make it publicly available each year.
- Termination of all federal employees of the EEOC that failed to enforce our nation's antidiscrimination laws and deprive me of my constitutional rights to due process and equal protection under the law.

#### iii. Affirmative:

To teach a diverse student body, faculty must also be diverse.

- Imposing affirmative action and quotas on teachers for each of DEFENDANT NYCDOE's schools.
- Reinstate all terminated NYCDOE employees that refused the COVID-19 vaccine.

#### iv.  Monetary:

- A monetary judgment against DEFENDANT AAA in an amount no less than $50 MILLION dollars (paid in gold) for intentional violations of federal, state and local laws.

P. Kevin Castel

- Declaratory and injunctive relief
- Impeachment as an Article III federal judge for intentional violations of Oath of Office, Judicial Code of Conduct, U.S. Constitutional and additional laws.

7

- Vacating all decisions rendered in Washington v. William Morris by Castel and the Second Circuit due to "fraud upon the Court by the Court."
- Reviewing all cases involving African American litigants
- Monetary judgment in an amount no less than his total earnings as an Article III federal judge since January of 2011 to present, multiplied by 100,000 (paid in gold or double the amount if paid in US dollars).

Eric Komitee

- Declaratory and injunctive relief
- Impeachment as an Article III federal judge for intentional violations of Oath of Office, Judicial Code of Conduct, U.S. Constitutional and additional laws.
- Vacating all decisions rendered in Washington v. New York City Department of Education by Komitee due to "fraud upon the Court by the Court."
- Monetary judgment in an amount no less than his total earnings as an Article III federal judge since January of 2011 to present, multiplied by 100,000 (paid in gold or double the amount if paid in US dollars).

American Arbitration Association:

- Declaratory, injunctive and affirmative relief
- Vacating decisions of Timothy K. Lewis and the AAA in the case Washington v. William Morris Endeavor Entertainment, as well as all decisions made by P. Kevin Castel of the Southern District of New York
- Banning all future employment civil rights cases filed by foundation Black Americans and other groups of African descent from being arbitrated
- Monetary relief in an amount no less than $25 trillion (paid in gold) or $50 trillion (paid in US dollars).
- If case is still compelled into arbitration, shifting all costs to Firmdale/TWH and requiring arbitrator to allow for a trifurcated proceeds in which phase one will decide systemic disparate treatment and systemic disparate impact claims, phase two will decide post-hiring individual disparate treatment, hostile work environment and sexual harassment claims, phase three will decide retaliation and defamation and phase four would determine any monetary relief that would be awarded.
  - Any Award made on the merits of any claim will be deemed "final" for the sake of judicial review.

Equal Employment Opportunity Commission:

- Declaratory, injunctive and affirmative relief
- Limit the EEOC's review of complaints to acknowledging claims and whether or not a prima facie case of discrimination has been established.
- Requiring EEOC investigators to issue ethical opinions if prejudicial statements are made.
- Have Congress remove the requirement that victims of discrimination must first file complaints with the EEOC since the EEOC does not have uniform standards for investigating complaints and dismisses majority of complaints submitted.

Firmdale Hotel Group & TWH:

- Declaratory, injunctive and affirmative relief also be sought to ensure the Firmdale Hotel Group and all of its hotels are diversified, especially in higher-status, higher-paying positions.

8

- EEO-1 data and other documents detailing the racial make-up of Crosby Street, Whitby Hotel and Warren Street Hotel need

- Monetary relief in an amount no less than $150 million (paid in gold) or $300 million (paid in US dollars) based not only on violations of our nation's civil rights laws, but the defamation TWH has instructed its lawyers to engage in against as well.


Dated: New York, New York
December 30, 2024

Respectfully submitted,

By: _____
Marcus I. Washington

54 Boerum St. Apt. 6M
Brooklyn, NY 11206
(646) 504-6497
humanrights.isamust@gmail.com

9

# Exhibit A



THE WHITBY
HOTEL

New York

## EMPLOYMENT AGREEMENT

EMPLOYMENT AGREEMENT (this "Agreement") between The Whitby Hotel (the "Hotel" or "We") and *Marcus Washington* ("Employee" or "You").

## W I T N E S S E T H:

WHEREAS the Hotel desires to employ You and You are willing to be employed by the Hotel and accept such employment;

NOW, THEREFORE, in consideration of the mutual covenants set forth in this Agreement, we agree as follows:

| | |
|---|---|
| **1. Term of Employment** | This New Agreement shall commence on **06.20.2023** and shall thereafter continue at will unless terminated by either of us in accordance with this Agreement (the "Term"). |
| **2. Nature of Duties** | You shall be the *Events Captain* be given such other titles as assigned by the General Manager of the Hotel (the "GM"), and shall devote your full time and attention to the performance of your duties for the Hotel as requested and required by the GM, which duties You shall perform faithfully and to the best of your ability. You shall be subject to the Hotel's policies, procedures, and approval practices, as generally in effect from time to time. |
| | **You shall comply with all safety protocols put into place including, but not limited to proper wearing, maintaining, and disposal of personal protective equipment, hand cleansing, and sanitizing.** |
| | **You shall report to the General Manager any symptoms of COVID–19, positive test results, or close contact with anyone exhibiting symptoms of COVID–19 or positive test results. You will comply with all self-quarantine requirements.** |
| **3. Compensation and Benefits** | **(a) Base Salary.** We shall pay You an hourly rate is $18/hour + plus pooling tips for the Event Department. Your base salary shall be paid in conformity with the Hotel's salary payment practices generally applicable to Staff. The Hotel reserves the right to alter or amend its pay practice and frequency. |
| | **(b) Benefits.** During your employment, You shall be eligible to participate in all employee benefit plans and programs, including medical and dental, and any other health benefits to the same extent generally available to similarly situated employees of the hotel, in accordance with the terms of those plans and programs. |

{00022759.DOC}

If you participate in such programs, you shall be required to pay up to 35% of the cost of such coverage and shall be obligated to deductibles and co-payments under such plans consistent with Hotel policy.

**(c) Paid Time Off.** On February 1st of each calendar year, full-time employees are eligible for vacation days in accordance with the following schedule:

Less than 1 year of employment - 1.166 days for each complete Calendar month worked

| | |
|---|---|
| 1 year of employment | 14 days |
| 2 years of employment | 15 days |
| 3 years of employment | 16 days |
| 4 years of employment | 17 Days |
| 5 years of employment | 19 Days |

New employees earn one (1) hour of Paid Sick Time for every thirty (30) hours worked up to a maximum of fifty-six (56) hours of Paid Sick Time. Employees are eligible to use available Paid Sick Time after the completion of their probationary period.

On February 1st of each calendar year, all full-time employees who have been employed by Crosby Street Hotel for at least one (1) year will earn five (7) days of Paid Sick time or fifty-six (56) hours.

**4. Termination of Employment**

**(a) Rights and Duties.** If your employment is terminated, You shall be entitled to payment of base salary, through the date of your termination, beyond which we shall have no further obligations to each other under this Agreement, except as set forth in any Hotel benefit plan document of the written agreement between the parties.

**(b) Notice.** Your employment may be terminated at any time.

**5. Confidentiality and Restrictive Covenants**

(a) You agree that You will not, at any time during the Term or thereafter, disclose or use any trade secret, proprietary or confidential information of the Hotel or Affiliate of the Hotel, obtained during the course of employment, except in the course of carrying out the GM's duties pursuant to such employment or with the written permission of the GM.

(b) You agree that at the time of the termination of your employment with the Hotel, You will deliver to the Hotel, and not keep or deliver to anyone else, any and all notes, files, memoranda, papers and, in general, any and all physical matter containing information, including any and all documents significant to the conduct of the business of the Hotel which is in your possession.

{0002?n59 DOC}

-2-

**(c)** You agree that you will at no time during or after employment with the Hotel make any disparaging remarks about the Hotel, its employees, or its principals.

**(d)** You agree that our remedies at law would be inadequate in the event of a breach or threatened breach of this Section 5; accordingly, We shall be entitled, in addition to its rights at law, to seek an injunction and other equitable relief without the need to post a bond.

**6. Resolution of Disputes**

Any dispute between us not resolved prior to termination of your employment shall be resolved by third party mediation of the dispute and, failing that, by binding arbitration, to be held in New York, in accordance with the rules and procedures of the American Arbitration Association. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Each of us shall bear his or its own costs of the mediation, arbitration or litigation, including, without limitation, reasonable attorneys' fees. Pending the resolution of any disputes, We shall continue payment of all amounts due to You under this Agreement which are undisputed and all benefits to which You are entitled at the time the dispute arises.

**7. Notices**

Unless otherwise provided, any notice required or permitted under this Agreement shall be given in writing and shall be deemed effectively given upon personal delivery or delivery by courier to the party to be notified; or upon deposit with the United States Post Office, by registered or certified mail, postage prepaid and addressed to the party to the notified at the address indicated for such party on the signature page hereto, or at such other address as such party may designate by advance written notice to the other party.

**8. Amendment**

No provisions of this Agreement may be modified, waived, or discharged except by a written document signed by a GM officer and Employee. A waiver of any conditions or provisions of this Agreement in a given instance shall not be deemed a waiver of such conditions or provisions at any other time in the future.

**9. Choice of Law**

This Agreement shall be construed in accordance with the substantive laws of the State of New York, without regard to conflicts of laws principles thereof. The parties hereby consent to the jurisdiction of a state or federal court situated in New York City, New York in connection with any dispute arising hereunder.

**10. Successors**

This Agreement shall be binding upon and shall inure to the benefit of, the parties hereto.

**11. Taxes**

The Hotel may withhold taxes from payments it makes pursuant to this Agreement as it reasonably determines to be required by applicable law.

**12. Validity**

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

{000226~' DOC}                    - 3 -

**13. Entire Agreement;**
     **Prior Agreements**

All oral or written agreements or representations, express or implied, with respect to the subject matter of this Agreement, are set forth in this Agreement.

**14. Survival**

Sections 4, 5, and 6 shall survive the termination of this Agreement.

**15. Understanding**

I, *Marcus Washington* understand that I am entering into an employee-at-will arrangement and that my signature below will confirm that understanding.

Dated:   June 21, 2023

                                     **Marcus Washington**

Address: 54 Boerum Street, Apt. 6M
Brooklyn, New York
11206

Dated: **06.20.2023**

The Whitby Hotel

By: **Kathrin Apitz**

Title: **General Manager**

Address: 18 W 56th St, New York, NY 10019

# Exhibit B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
**33 Whitehall St, 5th Floor**
**New York, NY 10004**
**(929) 506-5270**
**Website: www.eeoc.gov**

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/30/2024

**To:** Mr. Marcus I. Washington
54 Boerum St. Apt. 6M
BROOKLYN, NY 11206
Charge No: 520-2024-02404

EEOC Representative and email:    RURY ARZU
Investigator
rury.arzu@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
09/30/2024
Yaw Gyebi, Jr.
District Director

**Cc:**
Yani Rosario
79 Crosby St
New York, NY 10012

Kathrin Apitz
kathrinapitz@firmdale.com

Paul Piantino
1 RIVERFRONT PLZ STE 910
Newark, NJ 07102

Danielle Rudkin
Freeman, Mathis & Gary LLP
1 RIVERFRONT PLZ STE 910
Newark, NJ 07102

Katherine Suffern
katherinesuffern@firmdale.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2024-02404 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2024-02404 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# Exhibit C

 **Gmail**                                    Marcus Washington <marcuslutherx@gmail.com>

---

## Request to Vitiate Rury Azu's September 30, 2024 "Final" Agency Decision
1 message

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Tue, Oct 15, 2024 at 12:31 PM
To: DOLANDA YOUNG <Dolanda.young@eeoc.gov>, charlotte.burrows@eeoc.gov, "keith.sonderling@eeoc.gov"
<keith.sonderling@eeoc.gov>, "andrea.lucas@eeoc.gov" <andrea.lucas@eeoc.gov>, "kalpana.kotagal@eeoc.gov"
<kalpana.kotagal@eeoc.gov>, jocelyn.samuels@eeoc.gov, karla.gilbride@eeoc.gov, RURY ARZU
<RURY.ARZU@eeoc.gov>, yaw.gyebi@eeoc.gov

To Rury Arzu, Dolanda Young, Yaw Gyebi & EEOC Commissioners:

I am in receipt of Rury Arzu's September 30, 2024 thoughtless and unconstitutional "final" agency decision dismissing my complaint against Respondent The Whitby Hotel. For the following reasons below, Arzu's decision must be vitiated and she and Young must be removed from investigating any further complaints of discrimination.

Since I'm required by law to submit my claims to the EEOC before submitting a complaint to the Court, then I'm going to make sure the EEOC complies with the law and its own rules. I will not waste my time rearguing the merits of my claims here, but the primary reason Arzu's decision must be vitiated, is because it does not comply with 29 C.F.R. § 1614.110(a).

On the EEOC's website, it states: "If the agency dismisses your complaint, it must issue a final decision under 29 C.F.R. § 1614.110(a). The agency should clearly set forth the reasons for dismissing the complaint and include evidence in the record that supports its decision." It also states, the "final decision consists of findings by the agency on the merits of each claim in the complaint and, if appropriate, the rationale for dismissing any claims in the complaint."

Without question, Arzu's Final Agency Decision fails to "clearly set forth the reasons for dismissing the complaint" and fails "to include evidence in the record that supports its decision." Although my complaint raised claims of systemic disparate treatment, disparate impact, post-hiring individual disparate treatment, hostile work environment based on race & sex and retaliation, the only claim that Arzu focuses on in her one paragraph dismissal is my post-hiring individual disparate treatment claim of discrimination. Arzu fails to even do that correctly, as she only focuses on my claim of racial discrimination, while making absolutely no mention that my claims also include sex-based discrimination. Very impartial of her.

Arzu's "final" agency decision must also be vitiated because it is erroneous as both a matter of fact and law. Arzu dismissed all of my claims, although she only actually dismissed my post-hiring individual disparate treatment claims. She gave two reasons for dismissing all of my Title VII claims. She wrongly concluded that "there were no persons who are non-Black who worked in your title / occupied your role before," although everyone who has been hired into that position before me was non-Black. The similarly situated comparators were the two Event Captains that I worked alongside, both "white" women who immigrated from Eastern Europe and were over the age of 45. For my failure to re-hire claims, my similarly situated comparators were the various "white" men that were hired after me, although lesser qualified than myself.

Arzu also falsely concluded that "the race-based comment(s) were not uttered by person(s) who played a role in the decision making that impacted you, including your separation." I have never accused any of my colleagues of making "race-based comments" towards me and even if I did, it is well settled that I don't have to present smoking-gun or direct evidence to show disparate treatment in the terms, conditions and privileges of my employment based on race, color, national origin and sex.

Arzu's gross errors are not "due to chance" and are definitely not the result of human error. From the beginning of this "investigation," I have expressed my doubts with the EEOC's ability to remain impartial and uphold the law because they have failed to do so each time I'll submitted a complaint against my employers that have maintained racially segregated workplaces, which serve as large sources for unconscious racism and implicit biases. Her supervisor Dolanda Young additionally conspired with Arzu and engaged in tactics to harmfully delay the investigation. Her deliberate actions as well tainted the EEOC's appearance of impartiality. In an attempt to further harmfully delay a resolution in this matter, Young allowed Arzu to submit this dismissal although they both knew it did not comply with 29 C.F.R. § 1614.110(a).

Due to the fact that Arzu's dismissal does not comply with 29 C.F.R. § 1614.110(a), this e-mail does not constitute an official appeal. As a result, I am giving the EEOC until October 30, 2024 to provide a decision on this matter. If the EEOC refuses to vitiate Arzu's "final" agency decision, I will be filing a complaint in federal court to make sure a 29 C.F.R. § 1614.110(a) compliant decision is rendered.

Best,

Marcus Washington

# Exhibit D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

Office of
Field Programs

November 18, 2024

VIA EMAIL ONLY
Marcuslutherx@gmail.com

Mr. Marcus Washington
54 Boerum St., Apt. 6m
Brooklyn, NY 11206

Dear Mr. Washington:

This is in response to an email you sent to Chair Charlotte Burrows, the Commissioners, General Counsel Karla Gilbride, New York District Director Yaw Gyebi, Jr., and other officials of the Equal Employment Opportunity Commission (EEOC) on October 15, 2024 regarding a charge of employment discrimination you filed against The Whitby Hotel (EEOC Charge No. 520-2024-02404). Your October 15th email to the Chair and the Commissioners was forwarded to this office so that we could respond directly to you.

In response to your concerns, Wesley Katahira, Attorney Advisor-Sr. Program Analyst of my office, sent you an email on October 15, 2024 to advise you of our receipt of your inquiry to the Chair and Commissioners and that we would review your charge and your concerns. Our records show you responded to Mr. Katahira's email on the same day stating:

"My request is very simple. Arzu's dismissal does not comply with 29 C.F.R. § 1614.110(a) and the EEOC must issue a 29 C.F.R. § 1614.110(a) compliant decision, whether or not they dismiss my complaint. Each of my claims must be acknowledged and resolved by the investigator. Since that did not happen, Arzu's decision must be vitiated and a new EEOC investigator must issue a 29 C.F.R. § 1614.110(a) complaint decision. If you do not agree with my interpretation of 29 C.F.R. § 1614.110(a), then deny my request so I can immediately file a complaint with the federal court." For your convenience, we are attaching a copy of your October 15th email to Mr. Katahira as Attachment 1.

Contrary to your contention, the procedural regulation you cited, in particular 29 C.F.R. § 1614.110(a), has no application to EEOC's dismissal of your charge. Part 1614 of our procedural regulations applies only to "federal sector" cases in which employees of, or applicants who applied to, agencies in the federal government allege violations of the employment discrimination statutes which EEOC enforces. These procedures are discussed on our website under the "Federal Sector" tab which, as our website makes clear, apply only to federal employees or applicants who applied for employment at a federal agency. *See* https://www.eeoc.gov/federal-sector/overview-federal-sector-eeo-complaint-process ("If you are a federal employee or job applicant and you believe that a federal agency has discriminated against you, you have a right to file a complaint.") Because The Whitby Hotel, your former employer, is a private company, our federal sector procedures do not apply to your charge.

Mr. Marcus Washington
P a g e | **2**

Indeed, our procedural regulations which govern EEOC's dismissal of charges filed against private employers, like your charge, are found in Part 1601, beginning at 29 CFR §1601. More specifically, our procedures for dismissing a charge are governed by two regulations at 1601.18 (Dismissal: Procedure and authority) and 1601.19 (No cause determinations: Procedure and authority). Pursuant to Section 1601.19(a), dismissal of a charge is appropriate "[w]here the Commission completes its investigation of a charge and finds that there is not reasonable cause to believe that an unlawful employment practice has occurred or is occurring as to all issues addressed in the determination..." Based on our careful review of the processing and dismissal of your charge, we determined this is what happened with your charge.

In response to your concerns, we carefully reviewed our records, including the complete file of your charge. Our records show you filed your charge with the New York District Office on February 15, 2024 alleging discrimination based on your race (Black), color, national origin, and sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

Our records show Respondent submitted its Position Statement on May 28, 2024. Pursuant to our procedures, the field office made the Position Statement available to you on the same date and provided you with an opportunity to submit a rebuttal. Our records show you downloaded the Position Statement from the Public Portal that day. In addition, our records show you submitted a rebuttal to the Position Statement on August 1, 2024. After reviewing your rebuttal, EEOC served on Respondent a Request for Information on August 21, 2024 seeking additional relevant evidence. Respondent submitted it response to the Request for Information on September 13, 2024 and a supplemental response on September 23, 2024.

Our records show the Investigator contacted you by telephone on September 30, 2024 to conduct a predetermination interview with you. However, the Investigator was unable to reach you and, thus, sent you an email advising you the Commission was nearing completion of its investigation and inquired if you had any additional information or evidence to submit in support of your charge. For your convenience, we are attaching a copy of the Investigator's September 30th email as Attachment 2. Importantly, the Investigator also advised you that the evidence which was already submitted did not support your allegations.

Pursuant to our procedures, management officials in the New York District Office reviewed the evidence both parties provided during the investigation and determined it was unable to conclude the evidence we obtained established violations of the statute as you alleged in your charge. As a result, the New York District Office dismissed your charge on September 30, 2024, and issued to you a Dismissal and Notice of Rights which advised you of your right to file your own private lawsuit in federal court based on your charge within 90 days of your receipt of the Notice if you wished to pursue your allegations in federal court.

Our records show you sent your October 15, 2024 email to the Chair and the Commissioners raising concerns about the investigation and dismissal of your charge. We treated your October 15th email as a request for reconsideration under our procedures. While EEOC may reconsider the dismissal of a charge under limited circumstances pursuant to our procedural regulations, *see* 29 C.F.R. §1601.19 (b), EEOC has no obligation to reconsider the final determination we have issued on a charge. EEOC Directors, therefore, may deny a request

Mr. Marcus Washington
Page | 3

for reconsideration of an EEOC final determination unless the charging party presents substantial new and relevant evidence that we did not previously consider which would have made a difference in the outcome of our investigation, or a persuasive argument our prior decision was contrary to law or the facts.

We carefully reviewed the concerns you raised, our records, and the evidence EEOC obtained from both parties during the investigation of the charge. Based on our review, we concur with the New York District Office's dismissal of your charge and find it to be appropriate and consistent with our policies and procedures. We have determined the evidence failed to establish violations of Title VII as you alleged in your charge for the same reasons which the New York District Office had previously explained to you.

In addition, we note you contend in your October 15th email that EEOC's dismissal of your charge was unconstitutional. However, contrary to your contention, the federal courts have unanimously rejected all such claims brought by charging parties. Indeed, every federal court that has decided the issue has rejected claims by charging parties that the Constitution provides a cause of action against EEOC for the alleged mishandling of discrimination charges. *See McCottrell v. EEOC*, 726 F.2d 350, 351 n. 1 (7th Cir. 1984) (no independent cause of action under the Constitution to challenge EEOC's resolution of charges); *Francis-Sobel v. University of Maine*, 597 F.2d 15, 17-18 (1st Cir. 1979), *cert. denied*, 444 U.S. 949 (1979) (U.S. Constitution provides no relief for charging parties against EEOC for even arbitrary and capricious action).

In addition, the federal courts have unanimously held charging parties do not have a claim against EEOC under the statutes we enforce for the manner in which we investigate and process charges. *See e.g., Francis-Sobel, supra*, 597 F.2d at 17-18 (no cause of action against EEOC for alleged mishandling of charge); *Baba v. Japan Travel Bureau Int'l, et al.*, 111 F.3d 2 (2nd Cir. 1997) (Title VII provides no express or implied cause of action against EEOC for claims that EEOC failed to properly investigate or process an employment discrimination charge); *Gibson v. Missouri Pac. R.R.*, 579 F.2d 890, 891 (5th Cir.1978), *cert. denied*, 440 U.S. 921 (1979) ("Title VII confers no right of action against the enforcement agency."); *Haddad v. EEOC*, 111 Fed.Appx. 413, 2004 WL 2203539 (6th Cir. 2004), *cert. denied*, 543 U.S. 1128 (2005), *rh'g denied*, 545 U.S. 945 (2005) (same); *McCottrell, supra*, 726 F.2d at 351 (same); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983), *cert. denied*, 466 U.S. 953 (1984) (same); *Scheerer v. Rose State College et al.*, 950 F.2d 661 (10th Cir. 1991) (same); *Smith v. Casellas*, 119 F.3d 33 (DC Cir. 1997) (same); *see also Goylar v. McCausland*, 738 F. Supp. 1090, 1093 (W.D. Mich. 1990) (same under ADEA); *Becker v. Sherwin-Williams*, 717 F. Supp. 288, 294 (D.N.J. 1989) (same).

The federal courts, including the U.S. Supreme Court, have long held that EEOC has sole discretion to determine the manner in which we investigate charges which charging parties have no role in deciding. *See Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015) (EEOC has "expansive discretion [which] Title VII gives it to decide how to conduct conciliation efforts and when to end them."); *see also Newsome v. EEOC*, 301 F.2d 227, 231 (5th Cir. 2002) ("the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency."); *EEOC v. Sterling Jewelers, Inc.*, 801 F.3d 96, 101 (2d Cir. 2015) (recognizing

Mr. Marcus Washington
P a g e | 4

"the expansive discretion that Title VII gives to the EEOC in investigating discrimination claims[.]")

Pursuant to the statutes we enforce, EEOC does not have the statutory authority to make the final determination as to whether discrimination occurred. Rather, Congress vested the federal courts with exclusive authority to make that determination and allowed charging parties to bring their own private lawsuits in federal court, even after EEOC dismisses their charges. Once EEOC issues a Notice of Rights to charging parties, it is solely up to them to file a lawsuit in federal court to vindicate their rights. Congress determined that empowering private individuals to bring their own lawsuits would further the aims of the civil rights laws as "private attorneys general." *See Equal Employment Opportunity Commission v. Associated Dry Goods Corp.*, 449 U.S. 590, 602 (1981) ("The private right of action remains an important part of Title VII's scheme of enforcement. Congress considered the charging party a 'private attorney general,' whose role in enforcing the ban on discrimination is parallel to that of the Commission itself.") Although we fully understand the decision to file a lawsuit is a difficult one, charging parties file the vast majority of employment discrimination lawsuits in federal court each year.

Significantly, the federal courts have unanimously held the remedy available to you, like other charging parties who are dissatisfied with EEOC's investigation, is to file a lawsuit in federal court against your former employer for alleged discrimination. *See Forbes v. Reno, U.S. Dept. of Justice, EEOC, et al.*, 893 F.Supp. 476, 1995 U.S. Dist. LEXIS 12234, **10 (W.D. Pa. 1995), *aff'd* 91 F.3d 123 (3rd Cir. 1996) ("The remedy afforded to a complainant who is dissatisfied with the EEOC's handling of his charge is to bring a *de novo* action in a court of law."); *see also Smith v. Casellas*, 119 F.3d 34, 35 (D.C. Cir. 1997) (*per curiam*) *rh'g denied*, ("Congress intended the private right of action provided for in section 706(f)(1) of the Act (42 U.S.C. §2000e-5(f)(1)) - under which an aggrieved employee may bring a Title VII action directly against his or her employer - to serve as the remedy for any improper handling of a discrimination charge by the EEOC.")

You have exhausted all administrative remedies available within EEOC regarding these particular matters. The final dismissal notice you received, dated September 30, 2024, concluded EEOC's administrative processing of the charge and described your right to pursue these matters by filing your own private lawsuit in federal court within 90 days of your receipt of the dismissal notice. Based on our calculations, the 90-day period within which you are required to file suit will expire on or about December 29, 2024, depending on the day you received the Notice of Rights. Thus, if you do not file your own private lawsuit based on your charge within this period, your right to file such a lawsuit against the Respondent will permanently expire which EEOC has no authority to waive, extend, or restore.

EEOC has responded to your inquiries and request for review, and has attempted to be fully responsive to your concerns. We do not believe it is possible to offer any additional information to convince you that EEOC handled your charge properly or the final resolution was supported by the available evidence. Consequently, should you continue to contact EEOC, we will carefully review any correspondence, electronic or written, which you may submit in the future to determine if you raise issues which we have not already addressed and will consider whether an additional response from us is warranted. However, any correspondence or inquiry

Mr. Marcus Washington
Page | 5

regarding matters to which we have already responded will be reviewed, but no further correspondence will be forthcoming from this office.

We hope this information is helpful to you but regret there is nothing further EEOC can do to assist you regarding these matters.

Sincerely,

*Wesley Katahira*

for

Lisa Morelli, Director
Field Management Programs

Enclosures

cc:    Yaw Gyebi, Jr., Director
       New York District Office

Attachment 1

On Tue, Oct 15, 2024 at 2:26 PM Marcus Washington <marcuslutherx@gmail.com> wrote:
Hi Wesley,

My request is very simple. Arzu's dismissal does not comply with 29 C.F.R. § 1614.110(a) and the EEOC must issue a 29 C.F.R. § 1614.110(a) compliant decision, whether or not they dismiss my complaint. Each of my claims must be acknowledged and resolved by the investigator. Since that did not happen, Arzu's decision must be vitiated and a new EEOC investigator must issue a 29 C.F.R. § 1614.110(a) complaint decision.

If you do not agree with my interpretation of 29 C.F.R. § 1614.110(a), then deny my request so I can immediately file a complaint with the federal court.

Best,

Marcus

# Exhibit E

 **Gmail**

## Fwd: Pending Arbitration - AAA Inquiry
2 messages

**marcusisaiahx** <washington.marcusisaiah@gmail.com>
To: Marcus Washington <marcuslutherx@gmail.com>

Mon, Jul 15, 2024 at 4:35 PM

---------- Forwarded message ----------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Tue, Feb 13, 2024 at 4:36 AM
Subject: Fwd: Pending Arbitration - AAA Inquiry
To: <melissaweatherley@firmdale.com>

---------- Forwarded message ----------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Tue, Feb 13, 2024 at 3:58 AM
Subject: Fwd: Pending Arbitration - AAA Inquiry
To: <Hr@firmdale.com>

Please see email below. Doesn't seem like Tim and Kit are taking this legal matter seriously but they might want to.

Best,

Marcus
---------- Forwarded message ----------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Monday, February 12, 2024
Subject: RE: Pending Arbitration - AAA Inquiry
To: timkemp@firmdale.com, KitKemp@firmdale.com, **Katherine Suffern** <KatherineSuffern@firmdale.com>, rebeccamazin@recruitright.net

Tim & Kit:

As you are aware, employees are required to sign an arbitration agreement as a condition of employment at The Whitby Hotel. Although I signed this pre-dispute agreement, I arbitrated a prior employment civil rights case using this same forum, the AAA and others conspired to commit fraud so that my former employer would obtain a favorable verdict. I'm still seeking to have those fraudulent judgments overturned and vacated, and as a result, I do not believe the AAA should have the right to decide any dispute that involves me.

I reached out to the AAA about this because I do not believe they are "neutral" or impartial, especially in matters concerning systemic racism. I asked them to make a decision on whether or not my case against your company should be resolved by them or in federal court, and they have now asked me to discuss this matter with you.

Are you amenable to waiving arbitration and allowing this case to be resolved by an impartial jury in federal court?

Please me know your decision at your earliest convenience. If I do not receive a reply by February 26, 2024, I will submit this matter to the federal court and have them decide what should happen.

Best,

Marcus Washington

---------- Forwarded message ----------
From: **AAA Customer Service** <CustomerService@adr.org>
Date: Fri, Feb 9, 2024 at 1:46 PM
Subject: RE: Pending Arbitration - AAA Inquiry
To: marcusisaiahx <washington.marcusisaiah@gmail.com>

Marcus,

The American Arbitration Association acknowledges receipt of your inquiries. The AAA is a neutral administrative agency and since your questions would directly impact the AAA's administration of a future arbitration, we ask that you share your communications with the other parties that would be included in that case. Once those parties are aware of the issues you've raised, the AAA will be in a better position to respond further.

Thank you,

Guersha

 **AAA Customer Service**

American Arbitration Association

T: 800 778 7879  F: 855 433 3046  E: CustomerService@adr.org

adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Friday, December 15, 2023 8:19 AM
**To:** AAA Customer Service <CustomerService@adr.org>
**Subject:** Re: Pending Arbitration - AAA Inquiry

*** External E-Mail – Use Caution ***

AAA Case No. 13 160 01426 12

Marcus

On Wednesday, December 13, 2023, AAA Customer Service <CustomerService@adr.org> wrote:

Marcus,

Thank you for your reply. In order to direct your inquiry to the appropriate team, please provide the twelve digit AAA case number for the case you mentioned that was administered in 2012-2014. Alternatively, please advise the full party names and locale of the arbitration.

Thank you,

Victoria *on behalf of Guersha*

 **AAA Customer Service**

American Arbitration Association

T: 800 778 7879  F: 855 433 3046  E:
CustomerService@adr.org

adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Wednesday, December 13, 2023 9:26 AM
**To:** AAA Customer Service <CustomerService@adr.org>
**Subject:** Re: Pending Arbitration

\*\*\* External E-Mail – Use Caution \*\*\*

I'm not seeking legal advice from the AAA. The message in my email is very clear and I suggest you forward it to your legal counsel and have them reply.

Best,

Marcus

On Wednesday, December 13, 2023, AAA Customer Service <CustomerService@adr.org> wrote:

> Marcus,
>
> Thank you for contacting the American Arbitration Association, a neutral organization which administers arbitrations and mediations outside the court. **The AAA is not affiliated with other companies or organizations**. Please note, AAA staff are unable to provide legal advice.
>
> Arbitration is the out of court resolution of a dispute between parties to a contract, decided by an impartial third party (the arbitrator). It is typically faster and more cost effective than litigation. The AAA uses well-defined steps to move cases from filing to award as quickly and cost-effectively as possible, while ensuring that all parties are treated fairly and equitably.
>
> Please let me know if you are looking to file a case or have any questions for the AAA.
>
> Thank you,
>
> Guersha



**AAA Customer Service**

American Arbitration Association

T: 800 778 7879  F: 855 433 3046  E: CustomerService@adr.org

adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Monday, December 11, 2023 12:29 PM
**To:** AAA Customer Service <CustomerService@adr.org>
**Cc:** Katherine Suffern <KatherineSuffern@firmdale.com>; Kathrin Apitz <kathrinapitz@firmdale.com>; Thomas Woynar <ThomasWoynar@firmdale.com>; timkemp@firmdale.com; KitKemp@firmdale.com
**Subject:** Pending Arbitration

*** External E-Mail – Use Caution ***

Hi,

My name is Marcus Washington. Between 2012 and 2014, I arbitrated an employment civil rights case before the AAA as a pro se litigant against my former employer and one of the oldest talent agencies in Hollywood, William Morris Endeavor Entertainment. Although I initially prevailed on the merits, the AAA conspired with William Morris and their counsel, to overturn the decision before it could be reviewed by the district court and then further violated my constitutional rights to due process and equal protection under the law by appointing another individual as the arbitrator who later dismissed my case with prejudice because I repeatedly objected to his jurisdiction, to his decision to vacate the initial Award in contradiction to the AAA's claims and to the fact that he was being paid directly by William Morris in violation of the AAA's own Rules.

The federal court turned a blind eye to this injustice and upheld the AAA's decision in William Morris' favor in 2015. However, five years later, in late July of 2020, the co-CEO of the William Morris, Ariel Emanuel, admitted that Hollywood had a problem with racism and pledged $5 million to help improve his company's DEI efforts [https://www.forbes.com/sites/jeetendrsehdev/2020/07/28/read-this-roadmap-endeavor-ceo-ari-emanuel-donates-5m-and-outlines-the-ultimate-action-plan-to-address-racism-in-hollywood/]. If William Morris has maintained for decades that it is not racist and has allegedly complied with Title VII all of this time, why would it need to implement more inclusive employment practices now? Clearly, the AAA refused to uphold the law and this was no accident.

The AAA, as well as its co-conspirators, deprived me of my unalienable, constitutional, human and civil rights under the color of law and I have never forgotten what you all did to me. In July of this year, I filed a reparations complaint with the Eastern District of New York against all parties that conspired and/or aided and abetted in the genocide of descendants of African slaves and other people of African descent living in the U.S, including myself. The federal judge in this case has yet to issue a decision on my request to be granted in forma pauperis status, and as a result, the complaint has not been served on any of the named defendants.

In late October of 2023, I was wrongfully and unlawfully terminated by The Whitby Hotel ("TWH"), another company that is maintaining a racially segregated and hostile work environment, as well as intentionally violating our nation's anti-discrimination laws with reckless indifference to the federally protected rights of African Americans. Unfortunately, I signed a mandatory, pre-dispute arbitration agreement as a condition of employment so contractually, I am required to have any and all disputes decided by the AAA. However, since the AAA has already demonstrated that it is not impartial or neutral, especially in employment civil rights cases where the claimant is African American, and due to the fact that I am currently suing this institution, I do not believe AAA can impartially decide or resolve this present dispute against TWH.

Although I will first file a complaint with the EEOC, I am writing the AAA now to figure out how we should best proceed once the EEOC finishes their investigation. Should this matter instead be decided in federal court? Please let me know your thoughts.

Best,


Marcus Washington

---

**Marcus Washington** <marcuslutherx@gmail.com>                          Mon, Jul 15, 2024 at 4:40 PM
To: kaitlyn.grajek@fmglaw.com

Please see e-mails below. I had a prior employment discrimination dispute decided by the AAA and they colluded with defense counsel to have the Award issued in my favor on the merits thrown out. I reached out to them to see how they wanted to proceed, and they asked me to reach out to TWH. I have attempted to do so, and have yet to receive a response. Now, I am e-mailing you.

Please advise and let me know how you all want to proceed at your earliest convenience. If not, I will file my Complaint in federal court and seek to have the arbitration agreement invalidated.

Best,

Marcus Washington


--------- Forwarded message ---------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Tue, Feb 13, 2024 at 4:36 AM
Subject: Fwd: Pending Arbitration - AAA Inquiry
To: <melissaweatherley@firmdale.com>



--------- Forwarded message ---------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Tue, Feb 13, 2024 at 3:58 AM
Subject: Fwd: Pending Arbitration - AAA Inquiry
To: <Hr@firmdale.com>


Please see email below. Doesn't seem like Tim and Kit are taking this legal matter seriously but they might want to.

Best,

Marcus
--------- Forwarded message ---------
From: **marcusisaiahx** <washington.marcusisaiah@gmail.com>
Date: Monday, February 12, 2024
Subject: RE: Pending Arbitration - AAA Inquiry
To: timkemp@firmdale.com, KitKemp@firmdale.com, Katherine Suffern <KatherineSuffern@firmdale.com>, rebeccamazin@recruitright.net


Tim & Kit:

As you are aware, employees are required to sign an arbitration agreement as a condition of employment at The Whitby Hotel. Although I signed this pre-dispute agreement, I arbitrated a prior employment civil rights case using this same forum, the AAA and others conspired to commit fraud so that my former employer would obtain a favorable verdict. I'm still seeking to have those fraudulent judgments overturned and vacated, and as a result, I do not believe the AAA should have the right to decide any dispute that involves me.

I reached out to the AAA about this because I do not believe they are "neutral" or impartial, especially in matters concerning systemic racism. I asked them to make a decision on whether or not my case against your company should be resolved by them or in federal court, and they have now asked me to discuss this matter with you.

Are you amenable to waiving arbitration and allowing this case to be resolved by an impartial jury in federal court?

Please me know your decision at your earliest convenience. If I do not receive a reply by February 26, 2024, I will submit this matter to the federal court and have them decide what should happen.

Best,

Marcus Washington

---------- Forwarded message ---------
From: **AAA Customer Service** <CustomerService@adr.org>
Date: Fri, Feb 9, 2024 at 1:46 PM
Subject: RE: Pending Arbitration - AAA Inquiry
To: marcusisaiahx <washington.marcusisaiah@gmail.com>

Marcus,

The American Arbitration Association acknowledges receipt of your inquiries. The AAA is a neutral administrative agency and since your questions would directly impact the AAA's administration of a future arbitration, we ask that you share your communications with the other parties that would be included in that case.  Once those parties are aware of the issues you've raised, the AAA will be in a better position to respond further.

Thank you,

Guersha



**AAA Customer Service**

American Arbitration Association

T: 800 778 7879  F: 855 433 3046  E: CustomerService@adr.org

adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Friday, December 15, 2023 8:19 AM
**To:** AAA Customer Service <CustomerService@adr.org>
**Subject:** Re: Pending Arbitration - AAA Inquiry

*** External E-Mail – Use Caution ***

AAA Case No. 13 160 01426 12

Marcus

On Wednesday, December 13, 2023, AAA Customer Service <CustomerService@adr.org> wrote:

Marcus,

Thank you for your reply. In order to direct your inquiry to the appropriate team, please provide the twelve digit AAA case number for the case you mentioned that was administered in 2012-2014. Alternatively, please advise the full party names and locale of the arbitration.

Thank you,

Victoria *on behalf of Guersha*



**AAA Customer Service**

American Arbitration Association

T: 800 778 7879  F: 855 433 3046  E:
CustomerService@adr.org

adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Wednesday, December 13, 2023 9:26 AM
**To:** AAA Customer Service <CustomerService@adr.org>
**Subject:** Re: Pending Arbitration

*** External E-Mail – Use Caution ***

I'm not seeking legal advice from the AAA. The message in my email is very clear and I suggest you forward it to your legal counsel and have them reply.

Best,

Marcus

On Wednesday. December 13, 2023, AAA Customer Service <CustomerService@adr.org> wrote:

> Marcus,
>
> Thank you for contacting the American Arbitration Association, a neutral organization which administers arbitrations and mediations outside the court. **The AAA is not affiliated with other companies or organizations**. Please note, AAA staff are unable to provide legal advice.
>
> Arbitration is the out of court resolution of a dispute between parties to a contract, decided by an impartial third party (the arbitrator). It is typically faster and more cost effective than litigation. The AAA uses well-defined steps to move cases from filing to award as quickly and cost-effectively as possible, while ensuring that all parties are treated fairly and equitably.
>
> Please let me know if you are looking to file a case or have any questions for the AAA.
>
> Thank you,
>
> Guersha

 **AAA Customer Service**

American Arbitration Association

T. 800 778 7879  F: 855 433 3046  E: CustomerService@adr.org

adr.org | icdr.org | aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** marcusisaiahx <washington.marcusisaiah@gmail.com>
**Sent:** Monday, December 11, 2023 12:29 PM
**To:** AAA Customer Service <CustomerService@adr.org>
**Cc:** Katherine Suffern <KatherineSuffern@firmdale.com>; Kathrin Apitz <kathrinapitz@firmdale.com>; Thomas Woynar <ThomasWoynar@firmdale.com>; timkemp@firmdale.com; KitKemp@firmdale.com
**Subject:** Pending Arbitration

*** External E-Mail – Use Caution ***

Hi,

My name is Marcus Washington. Between 2012 and 2014, I arbitrated an employment civil rights case before the AAA as a pro se litigant against my former employer and one of the oldest talent agencies in Hollywood, William Morris Endeavor Entertainment. Although I initially prevailed on the merits, the AAA conspired with William Morris and their counsel, to overturn the decision before it could be reviewed by the district court and then further violated my constitutional rights to due process and equal protection under the law by appointing another individual as the arbitrator who later dismissed my case with prejudice because I repeatedly objected to his jurisdiction, to his decision to vacate the initial Award in contradiction to the AAA's claims and to the fact that he was being paid directly by William Morris in violation of the AAA's own Rules.

The federal court turned a blind eye to this injustice and upheld the AAA's decision in William Morris' favor in 2015. However, five years later, in late July of 2020, the co-CEO of the William Morris, Ariel Emanuel, admitted that Hollywood had a problem with racism and pledged $5 million to help improve his company's DEI efforts [https://www.forbes.com/sites/jeetendrsehdev/2020/07/28/read-this-roadmap-endeavor-ceo-ari-emanuel-donates-5m-and-outlines-the-ultimate-action-plan-to-address-racism-in-hollywood/]. If William Morris has maintained for decades that it is not racist and has allegedly complied with Title VII all of this time, why would it need to implement more inclusive employment practices now? Clearly, the AAA refused to uphold the law and this was no accident.

The AAA, as well as its co-conspirators, deprived me of my unalienable, constitutional, human and civil rights under the color of law and I have never forgotten what you all did to me. In July of this year, I filed a reparations complaint with the Eastern District of New York against all parties that conspired and/or aided and abetted in the genocide of descendants of African slaves and other people of African descent living in the U.S., including myself. The federal judge in this case has yet to issue a decision on my request to be granted in forma pauperis status, and as a result, the complaint has not been served on any of the named defendants.

In late October of 2023, I was wrongfully and unlawfully terminated by The Whitby Hotel ("TWH"), another company that is maintaining a racially segregated and hostile work environment, as well as intentionally violating our nation's anti-discrimination laws with reckless indifference to the federally protected rights of African Americans. Unfortunately, I signed a mandatory, pre-dispute arbitration agreement as a condition of employment so contractually, I am required to have any and all disputes decided by the AAA. However, since the AAA has already demonstrated that it is not impartial or neutral, especially in employment civil rights cases where the claimant is African American, and due to the fact that I am currently suing this institution, I do not believe AAA can impartially decide or resolve this present dispute against TWH.

Although I will first file a complaint with the EEOC, I am writing the AAA now to figure out how we should best proceed once the EEOC

finishes their investigation. Should this matter instead be decided in federal court? Please let me know your thoughts.

Best,

Marcus Washington

# Exhibit F

**AMERICAN ARBITRATION ASSOCIATION®**

**EMPLOYMENT ARBITRATION RULES
DEMAND FOR ARBITRATION**

To ensure your demand is processed promptly, please file online at www.adr.org/support. Complete this form, provide last known email addresses and include a copy of the Arbitration Agreement, Plan or Contract.

| Parties (Claimant) | | |
|---|---|---|
| Name of Claimant: Marcus Isaiah Washington | | |
| Address: 54 Boerum Street, Apt. 6M | | |
| City: Brooklyn | State: New York | Zip Code: 11206 |
| Phone No.: 212-365-8287 | Email Address: humanrights.areamust@gmail.com | |
| Representative's Name (if known): Pro Se Litigant | | |
| Firm (if applicable): N/A | | |
| Representative's Address: N/A | | |
| City: N/A | State: Select... | Zip Code: N/A |
| Phone No.: N/A | Email Address: N/A | |

| Parties (Respondent) | | |
|---|---|---|
| Name of Respondent: The Whitby Hotel, Firmdale Hotels PLC, Elizaveta Konoshenko and Milena Cesarska | | |
| Address: 18 W. 56th Street | | |
| City: New York | State: New York | Zip Code: 10019 |
| Phone No.: 212-586-5656 | Email Address: kathrin.apitz@twh.com | |
| Representative's Name (if known): Kaitlyn Grajek | | |
| Firm (if applicable): Freeman, Mathis & Gary LLP | | |
| Representative's Address: 5 Penn Plaza, 23 Floor | | |
| City: New York | State: New York | Zip Code: 10001 |
| Phone No.: 973-536-2007 | Email Address: kaitlyn.grajek@fmglaw.com | |

**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box ☑.

Claim: What was/is the employee/worker's annual wage range? ☐ Less than $100,000 ☑ $100,000-$250,000 ☐ Over $250,000
*Note: This question is required by California law.*

Amount of Claim: $100 million after taxes (paid in gold). $150 million after taxes (if paid with US dollars).

Claim involves: ☑ Statutorily Protected Rights ☐ Non-Statutorily Protected Rights

In detail, please describe the nature of each claim. You may attach additional pages if necessary:

See attached document with summary of claims.

**AMERICAN ARBITRATION ASSOCIATION®**

**EMPLOYMENT ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

---

Other Relief Sought: ☑ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☑ Punitive/ Exemplary
☑ Other:  Backpay, Frontpay, Compensatory Damages

---

Please describe the qualifications for arbitrator(s) to hear this dispute:

Documented history of and commitment to anti-racism activism. Knowledge of the origin of race and America's history of systemic, anti-black racism, which continues into the present. Not in denial about the realities of systemic white racism. Extensive experience litigating and/or resolving employment civil rights disputes, as well as a documented history of issuing impartial judgments that acknowledge the arguments of both sides and then applies the law to resolve all claims raised in an employment civil rights dispute, including claims of systemic disparate treatment and systemic disparate impact. Someone who is truly "neutral" is not afraid of going

---

Hearing: Estimated time needed for hearings overall: 24            hours or  4                     days

---

Hearing Locale:  New York City, preferably on Mondays.

(check one) ☑ Requested by Claimant ☐ Locale provision included in the contract

---

Filing Fee requirement or $350 (max amount per AAA)

Filing by Company:  ☐ $2,450 single arbitrator ☐ $3,050 three arbitrator panel

---

Notice: To begin proceedings, **please file online at www.adr.org/fileonline.** You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

---

Signature (may be signed by a representative):

Marcus Isaiah Washington

Date:

December 29, 2024

---

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 1-800-778-7879. If you have any questions regarding the waiver of administrative fees, AAA Customer Service can be reached at 1-800-778-7879. Please visit our website at www.adr.org/support to file this case online.

## DEMAND TO STAY ARBITRATION, PENDING RESOLUTION FROM FEDERAL COURT:

On December 30, 2024, I wi  be filing a lawsuit in federal court against the American Arbitration Association for the blatant and egregious fraud they engaged in a previous case I arbitrated under its unlawful jurisdictio  -- Washington v. William Morris Endeavor Entertainment (AAA Case No. 13 160 01426 12).

To enusre William Morris Er  eavor Ent. ("WME") was able to continue maintaining employment practices, policies and procedures that "froze" its racially segregated workplace and maintained a glaring disparate impact against African Americans, the AAA conspired with opposing counsel by, including but not limited to: unlawfully disqualifying the arbitrator after a "final " decision on the merits was  nade, allowed the unlawfully appointed arbitrator to vacate the decision after tell the parties that he could not do so, refused to tell me that the wife of one of WME's attomeys was employ ed as an executive at the AAA, refused to disqualify the arbitrator after I raised conflict of interest arguments, and after the case dismissed with prejudice because I continued to object to the unlawfully appointed arbitrator's jurisdiction, I learned that the AAA allowed WME and/or its attorneys to pay the arbitrator directly in further violation of your own Rules. Based on t  ese actions, there is nothing "impartial" or "neutral" about the predomiantely "white" controlled AAA, especialy when employment civil rights disputes are pursued by African America  s, and the fact that you are continuing to publicly refer to yourself as "neutral" is further proof that you are not only dishonest, but are being unjustly enriched from engaging in fraud.

Although there were a numb  r of compelling reasons as to why the unlawfully appointed arbitrator's arbitral award should have been vacated (e.g. the arbitrator demonstrated clear partiality , committed misconduct by  eprving me of my constitutional right to due process and refusing to consider evidence supporting compelling arguments, exceeded his powers, failed to make a final decision on the merits  though all motions had been submitted and more). The federal court tumed a blind eye to the fraud and corruption that occured and upheld the AAA's decisions, thus allowing WME to violate Title VII with impunity. However, in July of 2020, WME's CEO, Ariel Emanuel, publicly admitted that Hollywood had a "problem" with racism and vowed to take steps to diversify WME's workplace. To this day, I am still trying to undo the harm that you caused me, but until this admission of guilt is acknowledged by the Court, I will continue to fight to have all  ecisions made in favor of WME vitiated.

Now, again, I am suing anot  er employer that also maintains a racially segregated workplace that in myriad ways, causes a disparate impact against qualified African Americans, such as myself. At the end of the day  this employment civil rights cases should not be arbitrated, and should instead be decided an impartial jury in federal court. Under no circumstances should I also have to pay this fraudu ent organization a dime to decide the merits of this case when it's clear the AAA is conspiring to subvert our nation's antidiscrimination laws and more likely than not, will do the same thing if the federal court continues to ignore the pryamid of evidence proving that the AAA and other conspired to deprive me of my unalienable, human, constitutional and civil rights under the color of law.

I first brought this issue to th e AAA's attention over a year ago -- on December 11, 2023 -- and in response, on February 9, 2024, I was told to discuss this issue with TWH. I reached out to the owners of TWH and Firr  dale Hotel Group on February 12, 2024, as well as the company's HR, on February 13, 2024. I reached out again on December 27, 2024 and to this day, I have not received a single respor  e. Now that the EEOC finished its "investigation" on September 30, 2024, I am filing this demand to meet Title VII's filing requirements, but asking for this matter to be stayed pending the federal court's decisions on how to best correct this gross miscarriage of justice and the best forum to resolve my dispute against TWH. In the interests of justice, I am also amenable  o having the AAA make an expedited decision on whether or not arbitraiton is an appropriate forum for this particular case based on the compelling reasons above. If judgment is made    my favor on this issue, I am requesting to be awarded a monetary judgment for all costs and expenses paid by myself to the AAA to file this Demand.

- Marcus Washington

# Exhibit G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5270
FAX (212) 336-3625
Website: www.eeoc.gov

September 30, 2024

Marcuslutherx@gmail.com

Marcus I Washington
54 Boerum St., Apt. 6M
Brooklyn, NY 11206

Re:    Marcus I Washington v. The Whitby Hotel
EEOC Charge Number:  520-2024-02404

Dear Mx. Washington:

Earlier today, I telephoned with my supervisor to speak with you. We are nearing the end of our investigation and wanted to ask some questions, such as, do you have any additional information for us to review.

The evidence that we have in our file now does not show more likely than not that you were the victim of race – based discrimination. Specifically, there were no persons who are non-Black who worked in your title / occupied your role before. Secondly, the race-based comment(s) were not uttered by person(s) who played a role in the decision making that impacted you, including your separation. In the rebuttal that you provided, there was no comparative data and no evidence of pretext provided.

You will be issued a Notice of Right(s) to Sue (NRTS) letter, which will expire within 90-days, should you or an attorney you hire failed to use it within the 90-days. We cannot reissue the NRTS after that.

If you have any questions or concerns, please reach out to my supervisor Dolanda Young at Dolanda.Young@eeoc.gov. Thank you.

Sincerely,

Rury Arzu
Federal Investigator

# Exhibit H

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Indianapolis District Office**
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(463) 999-1240
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/10/2023

**To:** Mr. Marcus I. Washington
54 Boerum St. Apt. 6M
BROOKLYN, NY 11206
Charge No: 520-2021-04229

EEOC Representative and email:    FREDERICK BRUBAKER
Enforcement Supervisor
frederick.brubaker@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
04/10/2023
Michelle Eisele
District Director

**cc:**
Ms. Liz Vladeck
General Counsel
Office of General Counsel
52 Chambers Street
Room 308
New York, NY 10007


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2021-04229 to the District Director at Michelle Eisele, 101 West Ohio St Suite 1900

Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# Exhibit I

 Gmail

Marcus Washington <marcuslutherx@gmail.com>

---

## EEOC Charge No. 520-2024-02404 | Unable to Schedule an Appointment

1 message

---

**Marcus Washington** <marcuslutherx@gmail.com>                     Fri, Jan 19, 2024 at 8:38 AM
To: RICHARD BUCKLEY <RICHARD.BUCKLEY@eeoc.gov>

Richard,

In order to File a Charge, I have to schedule an interview with an EEOC investigator. However, I am not able to do so because there are no available dates until the end of May.

I should not have to wait three months or longer to do this basic phone interview. I want to file a charge immediately against my former employer, The Whitby Hotel, and I can write and submit the charge on my own if need be since more likely than not, your investigators will dismiss my claims because they are refusing to uphold our nation's antidiscrimination laws when it concerns African Americans -- hence the reason why every industry i've worked in (e.g. entertainment, education and hospitality) has remained segregated by race and/or color.

Let's expedite this process and/or transfer this case to another district since on two separate occasions, you all have flouted the law in order to maintain occupational segregation throughout NYC.


Marcus Washington

 **Gmail**                                         Marcus Washington <marcuslutherx@gmail.com>

# EEOC No. 520-2024-02404

13 messages

---

**RURY ARZU** <RURY.ARZU@eeoc.gov>                                     Fri, Jan 19, 2024 at 4:37 PM
To: "marcuslutherx@gmail.com" <marcuslutherx@gmail.com>

Dear Mrx. Washington,


Please see attachment, and my contact information is below. Thank you.


Ms. Rury Arzu

Investigator

U.S. Equal Employment Opportunity Commission

33 Whitehall Street

New York, NY 10004

**929-506-5294**

**Email:** Rury.Arzu@EEOC.GOV


---

📄 **EEOC What Should You Do After You Have Filed a Charge With EEOC doc.pdf**
   111K

---

**Marcus Washington** <marcuslutherx@gmail.com>                        Mon, Jan 22, 2024 at 1:36 PM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

It was a pleasure speaking with you.

I am going to spend the rest of the afternoon working on the draft and will send it to you tomorrow morning when I
return to NYC.

Best,

Marcus
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                        Wed, Jan 24, 2024 at 10:45 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Hi,


Attached, please find the draft to my complaint against Firmdale Hotel Group and The Whitby Hotel.

Marcus

📄 **Complaint Against The Whitby Hotel EEOC Draft.pdf**

[Quoted text hidden]

**RURY ARZU** <RURY.ARZU@eeoc.gov>    Wed, Jan 24, 2024 at 11:04 AM
To: Marcus Washington <marcuslutherx@gmail.com>

Good morning, there was nothing attached to this email. Please resend. Thank you

**From:** Marcus Washington <marcuslutherx@gmail.com>
**Sent:** Wednesday, January 24, 2024 10:45 AM
**To:** RURY ARZU <RURY.ARZU@EEOC.GOV>
**Subject:** Re: EEOC No. 520-2024-02404

You don't often get email from marcuslutherx@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>    Wed, Jan 24, 2024 at 11:20 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Hi Rury,

I can see the attachment. Not sure why you're unable to open it.



Best,

Marcus
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>    Fri, Jan 26, 2024 at 9:28 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Hey,

Were you able to find and download the attachment?

Marcus
[Quoted text hidden]

---

**RURY ARZU** <RURY.ARZU@eeoc.gov>    Fri, Jan 26, 2024 at 3:40 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Hello, it was received. Thank you

**From:** Marcus Washington <marcuslutherx@gmail.com>

**Sent:** Friday, January 26, 2024 9:29 AM
**To:** RURY ARZU <RURY.ARZU@EEOC.GOV>
**Subject:** Re: EEOC No. 520-2024-02404

You don't often get email from marcuslutherx@gmail.com. Learn why this is important

Hey,

Were you able to find and download the attachment?

Marcus

On Wed, Jan 24, 2024 at 11:20 AM Marcus Washington <marcuslutherx@gmail.com> wrote:

Hi Rury,

I can see the attachment. Not sure why you're unable to open it.



Best,

Marcus

On Wed, Jan 24, 2024 at 11:04 AM RURY ARZU <RURY.ARZU@eeoc.gov> wrote:

Good morning, there was nothing attached to this email. Please resend. Thank you

---

**From:** Marcus Washington <marcuslutherx@gmail.com>
**Sent:** Wednesday, January 24, 2024 10:45 AM
**To:** RURY ARZU <RURY.ARZU@EEOC.GOV>
**Subject:** Re: EEOC No. 520-2024-02404

You don't often get email from marcuslutherx@gmail.com. Learn why this is important

CAUTION: The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov

]

Hi,

Attached, please find the draft to my complaint against Firmdale Hotel Group and The Whitby Hotel.

Marcus

📄 **Complaint Against The Whitby Hotel EEOC Draft.pdf**

On Mon, Jan 22, 2024 at 1:36 PM Marcus Washington <marcuslutherx@gmail.com> wrote:

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                                    Wed, Feb 14, 2024 at 4:24 PM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Hi Rury,

I have amended the Charge, but it would not allow me to copy and past the entire text. As a result, I've included it below and am asking for it to be inserted into the Charge.

Best,

Marcus

The Charge Against Firmdale Hotel Group and The Whitby Hotel:

I am an African American, Black, male who was employed at The Whitby Hotel ("TWH"), a five-star hotel, as an Event Captain from July 5, 2023 to October 27, 2023. TWH opened in March of 2017 and is one of three hotels located in New York City that are owned by the London based Firmdale Hotel Group.

Although I was unaware of Firmdale and TWH's history of excluding African Americans from most jobs within its companies, I immediately discovered this fact within my first few weeks of being employed when I saw that there were zero Black people employed in higher-status, higher-paying positions at TWH. The racial makeup of Firmdale's leadership is also segregated by race and/or color, with zero Blacks employed in leadership positions. Upon information and belief, the two other Firmdale Hotels located in New York City — The Crosby Street Hotel and The Warren Street Hotel — are also segregated by race and/or color.

The source of racial segregation is institutional, anti-Black racism. Statistically, the "inexorable zero" creates an inference of discrimination on its own because in New York City, there are more than enough qualified African Americans or people of African descent in the labor market to fill these positions. Racism becomes more evident by the fact that TWH employs more immigrants and non-English speakers than they do English speaking people of African descent. This constitutes an intentional violation of 42 U.S.C. 2000e-2(a)(2), which makes it unlawful for an employer to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

TWH's institutional practices, organizational structure and work culture are defined along racialized lines and it's segregated work force serves as a large source for conscious and unconscious racism, ultimately creating a glaring disparate impact against qualified African American from being hired, promoted and/or retaining jobs within the company. The company's strong reliance on referrals and cronyism for hiring and subjective decision making tainted with racial bias also creates a disparate impact against African Americans. This explains why, in part, Blacks remain employed at Firmdale and TWH for substantially shorter periods than their "white" and/or Hispanic counterparts. Since "the elements of [TWH's] decisionmaking process are not capable of separation for analysis, the decisionmaking process may be analyzed as one employment practice." 42 U.S.C. § 2000e-2(k)(1)(B)(i). TWH cannot "demonstrate that the challenged practice[s] [are] job related for the position in question and consistent with business necessity," since people of African descent can do any job people classified as "white" or Hispanic can and

people of African descent are employed in the same types of positions at thousands of hotels throughout Africa. Even if TWH could meet its burdens, less racially discriminatory alternatives exist.

Throughout the entirety of my employment, I believe I worked in what constitutes a racially hostile work environment. On a near daily basis, I was harassed and discriminated against by the company's senior captain, Milena Cesarska, on the basis of my race (African American), perceived national origin (African and/or American), color, (Black), and sex (male).

In the events department, I was the only Black, African American employed full time in my department, and none of the leadership at the company was from the United States. There were many of times where I felt that leadership was trying to sabotage my work and ability to advance. On the first day of my training, the senior captain Milena Cesarska, felt comfortable telling me that I was "not qualified" for the job although she knew nothing about my academic and professional achievements. This attitude was present during most of our interactions, even after my training period was complete and I was successfully overseeing events at the company. I was constantly micromanaged despite having four years of captain and server experience and she would create problems with me when none existed (e.g. getting upset because I didn't know what the client wanted to do with the flowers after an event she was scheduled to work). She refused to fully train me and at times, gave me incorrect information. During the first two months of my employment, she also sent a number of inappropriate texts, including a video on "How To Date A Polish Person," and referred to herself as a "bitch."

On numerous occasions, Milena would initiate a dispute with me and then complain to management about my reactions to the inappropriate and unprofessional things she was saying and doing to me. I was criticized for any minor error that I made, despite substantial mistakes being made by Milena and her friend, the other captain, Szilvia (white woman from Eastern Europe), when both had been employed at the company for years. The mistakes of servers and colleagues from other departments were also downplayed and I was held to a higher standard by management than my "white," female counterparts. I experienced unwelcomed comments from Milena when she called me, as well as most others, "baby," despite me asking her to call me by my name. Also, on more than one occasion, she called me "princess" as well. I never experienced Milena treating the other employees like she treated me, and I feel she wanted me out the company because she was threatened by my presence and thought I was there to take her job, sentiments that were echoed by Elizaveta Konoshenko ("white" woman from Russia), the Events Operations Manager.

Unfortunately, I wasn't able to fully voice my concerns due to the fact that The Whitby Hotel did not have an HR professional working in-house after September of 2023. I did speak to Elizaveta on more than one occasion about the problems I was having with Milena, although I never explicitly stated that I felt Milena's actions were due to her personal racial biases and prejudices. She was made aware of Milena's bully-like behavior and stated that she would speak to Milena about calling staff "baby," but Milena continued. In response to my complaints, Elizaveta essentially asked me to pacify Milena and "be the bigger person" — something I was already doing and did not work. I tried my hardest to work with and get along with her, and in no way wanted to put our jobs in jeopardy so I kept complaints to management at a minimum.

Although teamwork was one of TWH's philosophies, the company ignored Milena's refusal to be a team player. Weeks before I was terminated, I was told by Elizaveta during my 90 day evaluation that I was on track to becoming one of the company's "superstars." Less than three weeks later, I was let go because I was told by Elizaveta, that I was not a "good fit" for the company's racially segregated events team. In the week that I was terminated, Milena engaged in a series of acts that resulted in me, once again, having to complain to Elizaveta via text. I sought to have a meeting with Elizaveta and she ignored my request. However, she did meet with Milena the next day and by the end of the week, I was terminated. TWH was aware of Milena's sometimes difficult personality and hired me, in part, to help "balance" her out and elevate the overall level of service provided by the team. However, the company refused to remain impartial and desperately upheld and protected the racial emotions of a white woman although she was the antagonist throughout the entirety of my employment.

Following my termination, I requested a more detailed explanation for my termination from the GM Kathrin Apitz (white woman from Germany) and assistant GM Thomas Woynar (white male from France) but they refused. My complaints were not taken seriously and that's in part, because none of TWH's European leadership has been living in this country for that long, they have very little understanding of this country's unique history with race and racism and none have been required to attend any anti-black racism workshops or training. Because TWH believes that its employees are at-will, it falsely believes that it can do whatever it wants, including making adverse employment decisions against employees in violation of Title VII and other civil rights laws. They also believe that they can keep their racially discriminatory business and employment practices, policies and procedures away from the public's awareness by compelling their employees to sign mandatory, pre-dispute arbitration agreements as a condition of employment.

For many reasons, the excuse provided by TWH for my termination is a pretext for discrimination. I'm a hard worker and am great at what I do. I am a friendly person and got along with majority of my colleagues at TWH, and all my events were a success. At the end of the day, my only problem was Milena. Additionally, I've worked with various events companies before and after my employment at TWH, some for years, and I've never been terminated or told I was not a "good fit" for the team. TWH treated me less favorably in the terms and conditions of my employment in

...was not a good comparison to my similarly situated, "white" counterparts and it is without question that had I been "white" and/or a "white" woman like Milena, Szilvia or Elizaveta, I would still be employed as an Event Captain by TWH. As a result, my termination also constitutes a violation of 42 U.S.C. 2000e-2(a)(1), which makes it illegal for an employer "...to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

Since my abrupt termination, TWH immediately filled the role by replacing me with Elizaveta's close friend, a white male also from Russia, who has considerably less experience working as an Events Captain and he has now been employed in the position longer than I have. Last month, I saw that the company was also looking to hire a Per Diem Events Captain and I'm unsure who was hired, but more likely than not, it's another "white" male.

Based on the multiple reasons discussed above, I was discriminated against by TWH and terminated because of my race, color, perceived national origin and/or sex in violation of Title VII of the Civil Rights Act of 1964, as amended. I seek to be made whole under the full extent of the law and both Firmdale Hotel Group and TWH must be compelled to implement policies that will increase diversity, inclusion and equity throughout all levels of its businesses, particularly for African Americans and other qualified Blacks.

[Quoted text hidden]

---

**RURY ARZU** <RURY.ARZU@eeoc.gov>                                     Wed, Feb 14, 2024 at 4:30 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Good afternoon Mr. Washington,

Please be aware that the database we use only allows 10,000 characters at a time, which is why I didn't copy the text you initially sent me. I will copy what is under and if it's under 10,000 characters, we should be good to go. Thank you.

Ms. Rury Arzu

Investigator

U.S. Equal Employment Opportunity Commission

33 Whitehall Street

New York, NY 10004

929-506-5294

Email: Rury.Arzu@EEOC.GOV

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                       Wed, Feb 14, 2024 at 7:01 PM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Ok. Please hold. It's more than 10,000 characters so I am going to narrow it down to 10,000 characters. I'll send it to you by tomorrow.

Marcus
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                       Thu, Feb 15, 2024 at 9:03 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

Ok. This summary below contains 9,967 characters (with spaces) so this should work. I would also like to name both

Firmdale Hotel Group and The Whitby Hotel as the companies that discriminated against me and intentionally violating Title VII.

Best,

Marcus Washington

The Charge Against Firmdale Hotel Group and The Whitby Hotel:

I am an African American, Black, male who was employed at The Whitby Hotel ("TWH"), a five-star hotel, as an Event Captain from July 5, 2023 to October 27, 2023. TWH opened in March of 2017 and is one of three hotels located in New York City that are owned by the London based Firmdale Hotel Group.

Although I was unaware of Firmdale and TWH's history of excluding African Americans from most jobs within its companies, I immediately discovered this fact within my first few weeks of being employed when I saw that there were zero Black people employed in most positions at TWH. Upon information and belief, the two other Firmdale Hotels located in New York City — The Crosby Street Hotel and The Warren Street Hotel — are also segregated by race and/or color. The racial makeup of Firmdale's leadership is also segregated by race and/or color, with zero Blacks employed.

The source of racial segregation is institutional, anti-Black racism, which began during the trans-Atlantic slave trade and slavery. Statistically, the "inexorable zero" creates an inference of discrimination on its face because in NYC, there are more than enough qualified African Americans or people of African descent in the labor market to fill these positions. Racism becomes more evident by the fact that TWH employs more immigrants and non-English speakers than they do African Americans. This is not "due to chance" and constitutes an intentional violation of 42 U.S.C. 2000e-2(a)(2), which makes it unlawful for an employer to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

TWH's institutional practices, organizational structure and work culture are defined along racialized lines and its segregated work force serves as a large source for conscious and unconscious racism, ultimately creating a glaring disparate impact against qualified African American from being hired, promoted and/or retaining jobs within the company. The company's strong reliance on referrals and cronyism for hiring and subjective decision making tainted with racial bias also creates a disparate impact against African Americans. Since "the elements of [TWH's] decisionmaking process are not capable of separation for analysis, the decisionmaking process may be analyzed as one employment practice." 42 U.S.C. § 2000e-2(k)(1)(B)(i). This explains why, in part, Blacks remain employed at Firmdale and TWH for substantially shorter periods than their "white" and/or Hispanic counterparts. TWH cannot "demonstrate that the challenged practice[s] [are] job related for the position in question and consistent with business necessity," since people of African descent can do any job people classified as "white" or Hispanic can do. Even if TWH could meet its burdens, less racially discriminatory alternatives exist.

Throughout the entirety of my employment, I believe I worked in what constitutes a racially hostile work environment. On a near daily basis, I was harassed and discriminated against by the company's senior captain, Milena Cesarska (a "white" woman from Poland), on the basis of my race (African American), perceived national origin (African and/or American), color, (Black), and sex (male).

In the events department, I was the only Black, African American employed full time, and none of the leadership that I worked under at the company was from the United States. There were many of times where I felt that leadership was trying to sabotage my work and ability to advance. On the first day of my training, Milena felt comfortable telling me that I was "not qualified" for the job although she knew nothing about my academic and professional achievements. This condescending attitude was present during most of our interactions, even after my training period was complete and I was successfully overseeing events on my own. I was constantly micromanaged despite having four years of captain and server experience and she would create problems with me when none existed. She refused to fully train me and at times, provided me with incorrect information. During the first two months of my employment, she also sent a number of inappropriate texts, including a video on "How To Date A Polish Person," and in conversation, referred to herself as a "bitch." I experienced unwelcomed comments from Milena when she called me, as well as most others, "baby," despite me asking her to call me by my name. Also, on more than one occasion, she called me "princess" as well.

On numerous occasions, Milena would initiate a dispute with me and then complain to management about my reactions to the

inappropriate and unprofessional things she said to me. I was criticized for any minor error that I made, despite substantial mistakes being made by Milena, her friend, the other captain, Szilvia (white woman from Eastern Europe), and other servers who had all been employed at the company for years. I was held to a higher standard by management than my "white" and Hispanic counterparts. I never experienced Milena treating the other employees like she treated me, and I feel she wanted me out the company because she was threatened by my presence and thought I was there to take her job, sentiments that were echoed by Elizaveta Konoshenko ("white" woman from Russia), the Events Operations Manager.

TWH not only claims that it is an "equal opportunity employer," but also claims that teamwork is one of its "core values." The latter is also not true because the company ignored Milena's refusal to be a team player. I spoke to Elizaveta on more than one occasion about the problems I was having with Milena. She was made aware of Milena's bully-like behavior and stated that she would speak to Milena about calling staff "baby," but Milena continued. In response to my complaints, Elizaveta essentially

asked me to pacify Milena and "be the bigger person" — something I was already doing and did not work. I tried my hardest to work with and get along with her, and in no way wanted to put our jobs in jeopardy so I did not raise complaints to upper management.

Weeks before I was terminated, I was told by Elizaveta during my 90-day evaluation that I was on track to becoming one of the company's "superstars." Less than three weeks later, I was let go because I was told by Elizaveta, that I was not a "good fit" for the company's racially segregated events team. In the week that I was terminated, Milena engaged in a series of acts throughout an event she had no involvement in, which resulted in me, once again, having to complain to Elizaveta. Via text, I sought to have a meeting with Elizaveta and she ignored my request. However, she did meet with Milena the next day and by the end of the week, I was terminated. TWH was aware of Milena's sometimes difficult personality and hired me, in part, to help "balance" her out and elevate the overall level of service provided by the team. However, TWH refused to remain impartial and desperately protected the racial emotions of a white woman although she was the antagonist throughout the entirety of my employment.

Following my termination, I requested a more detailed explanation for my termination from the GM Kathrin Apitz ("white" woman from Germany) and assistant GM Thomas Woynar (white male from France), but they refused. My complaints were not taken seriously and that's in part, because none of TWH's European leadership have been living in this country for that long, they have very little understanding of this country's unique history with race and racism and none have been required to attend any anti-black racism workshops or trainings. Because TWH believes that its employees are at-will, it falsely believes that it can do whatever it wants, including making adverse employment decisions against employees in violation of Title VII and other civil rights laws.

For many reasons, the excuse provided by TWH for my termination is a pretext for discrimination. I'm a hard worker and am great at what I do. I am a naturally friendly person and got along with majority of my colleagues at TWH. Most importantly, all of my events were a success. My only problem was with Milena. Additionally, I've worked with various events companies before and after my employment at TWH, some for years, and I've never been terminated or told I was not a "good fit" for the team. Since my abrupt termination, TWH immediately filled the role by replacing me with Elizaveta's close friend, a white male also from Russia, who has considerably less experience working as an Events Captain and he has now been employed in the position longer than I have. TWH treated me less favorably in the terms and conditions of my employment in comparison to my similarly situated, "white" counterparts and it is without question that had I been "white" and/or a "white" woman like Milena, Szilvia or Elizaveta, I would still be employed as an Event Captain by TWH. Thus, my termination also constitutes a violation of 42 U.S.C. 2000e-2(a)(1), which makes it illegal for an employer "...to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

Based on all the facts and circumstances, I was discriminated against by Firmdale/TWH and terminated because of my race, color, perceived national origin and/or sex in violation of Title VII of the Civil Rights Act of 1964, as amended. I seek to be made whole under the full extent of the law and Firmdale must implement policies that will increase diversity, inclusion and equity throughout all levels of its businesses, particularly for African Americans and other qualified Blacks.

[Quoted text hidden]

---

**RURY ARZU** <RURY.ARZU@eeoc.gov>                                    Thu, Feb 15, 2024 at 9:28 AM
To: Marcus Washington <marcuslutherx@gmail.com>

Good morning,

This was received. I do want to ask who was your employer? What name was the name on your W-2 or checks?

Thank you.

Ms. Rury Arzu

Investigator

U.S. Equal Employment Opportunity Commission

33 Whitehall Street

New York, NY 10004

929-506-5294

Email: Rury.Arzu@EEOC.GOV

**From:** Marcus Washington <marcuslutherx@gmail.com>
**Sent:** Wednesday, February 14, 2024 4:25 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Thu, Feb 15, 2024 at 10:07 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>

On my W-2, see attachment, the company is listed as 56th Street Hotel LLC and has the address listed as 79 Crosby Street. I'm not sure why that is but this must also be looked into by federal agencies.

Marcus
[Quoted text hidden]



6685B971-B064-4ED4-A746-73D4019614B2.jpeg
972K

 Gmail                                    Marcus Washington <marcuslutherx@gmail.com>

## EEOC No. 520-2024-02404

5 messages

**RURY ARZU** <RURY.ARZU@eeoc.gov>                    Wed, May 15, 2024 at 10:17 AM
To: Marcus Washington <marcuslutherx@gmail.com>


Good morning,


My supervisor's information is listed below. She is available today before 2pm. Thank you.

Mrs. Dolanda Young

Phone: (929) 506-5309

Email: Dolanda.Young@eeoc.gov


Ms. Rury Arzu

Investigator

U.S. Equal Employment Opportunity Commission

33 Whitehall Street

New York, NY 10004

929-506-5294

Email: Rury.Arzu@EEOC.GOV


**Marcus Washington** <marcuslutherx@gmail.com>              Wed, May 15, 2024 at 10:44 AM
To: RURY ARZU <RURY.ARZU@eeoc.gov>, dolanda.young@eeoc.gov
Bcc: yaw.gyebi@eeoc.gov

Thank you Rury for providing me with your supervisor's information.

Per our conversation a few minutes ago, I just researched the EEOC's website and I'm unsure why you're acting like the employer's window to file their Position Statement is open ended. Per the EEOC's website (https://www.eeoc.gov/what-you-can-expect-after-you-file-charge), the employer must "provide a response within 30 days from the date" they received the Charge. For all previous Charges that I have filed, this timeline has been followed, however, this time, it is not, and I want to know why that is. How can I expect you all to impartially investigate my complaint if you can't even be honest about when the employer's response is due?

Since you said you could see from the portal that the Whitby Hotel received the Charge, I would like to know what date that was so the actual due date can be determined. I also informed the hotel that I would be filing a complaint with the EEOC so they were given proper notice. Thus, if the company doesn't request an extension, then they should not be offered one if they don't reply and if no Position Statement is received, the EEOC must still make its final

decision based on the information it has before them.

I will be making a call to Mrs. Young soon. If my understanding of the investigation is incorrect, please let me know

and provide me with the correct information.

Best,

Marcus Washington

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Wed, May 15, 2024 at 11:41 AM
To: dolanda.young@eeoc.gov
Bcc: yaw.gyebi@eeoc.gov

Hi Dolanda,

I just called and was unable to reach you. I left a voicemail. Please return my call at your earliest convenience.

My cell is 212-365-8287.

Best,

Marcus

[Quoted text hidden]

---

**DOLANDA YOUNG** <DOLANDA.YOUNG@eeoc.gov>                    Wed, May 15, 2024 at 11:45 AM
To: Marcus Washington <marcuslutherx@gmail.com>

Good morning, Mr. Marcus,

I hope that his email finds you doing well.

Re:    Telephone Contact

Regrettably, I received no call from you today.

I will telephone you shortly, at or about 12pm.


Regards,

Dolanda Young (pronouns she/ her/ hers)

*Supervisory Investigator*

New York District Office

U.S. Equal Employment Opportunity Commission

33 Whitehall Street, 5th Floor

New York, NY 10004

Phone: (929) 506-5309

Email: Dolanda.Young@eeoc.gov

Public Portal:  https://publicportal.eeoc.gov/Portal/Login.aspx





---------- Forwarded message ----------
From: Marcus Washington <marcuslutherx@gmail.com>
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>
Cc:
Bcc:
Date: Wed, 15 May 2024 15:41:22 +0000
Subject: Re: EEOC No. 520-2024-02404

You don't often get email from marcuslutherx@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Hi Dolanda,

I just called and was unable to reach you. I left a voicemail. Please return my call at your earliest convenience.

My cell is 212-365-8287.

Best,

Marcus

On Wed, May 15, 2024 at 10:44 AM Marcus Washington <marcuslutherx@gmail.com> wrote:
Thank you Rury for providing me with your supervisor's information.

Per our conversation a few minutes ago, I just researched the EEOC's website and I'm unsure why you're acting like the employer's window to file their Position Statement is open ended. Per the EEOC's website (https://www.eeoc.gov/what-you-can-expect-after-you-file-charge), the employer must "provide a response within 30 days from the date" they received the Charge. For all previous Charges that I have filed, this timeline has been followed, however, this time, it is not, and I want to know why that is. How can I expect you all to impartially investigate my complaint if you can't even be honest about when the employer's response is due?

Since you said you could see from the portal that the Whitby Hotel received the Charge, I would like to know what date that was so the actual due date can be determined. I also informed the hotel that I would be filing a complaint with the EEOC so they were given proper notice. Thus, if the company doesn't request an extension, then they should not be offered one if they don't reply and if no Position Statement is received, the EEOC must still make its final decision based on the information it has before them.

I will be making a call to Mrs. Young soon. If my understanding of the investigation is incorrect, please let me know and provide me with the correct information.

Best,

Marcus Washington

On Wed, May 15, 2024 at 10:17 AM RURY ARZU <RURY.ARZU@eeoc.gov> wrote:

Good morning,


My supervisor's information is listed below. She is available today before 2pm. Thank you.

Mrs. Dolanda Young

Phone: (929) 506-5309

Email: Dolanda.Young@eeoc.gov

Ms. Rury Arzu

Investigator

U.S. Equal Employment Opportunity Commission

33 Whitehall Street

New York, NY 10004

**929-506-5294**

**Email:** Rury.Arzu@EEOC.GOV

---

📄 **Re: EEOC No. 520-2024-02404.eml**
   24K

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Wed, May 15, 2024 at 12:32 PM
To: RURY ARZU <RURY.ARZU@eeoc.gov>
Bcc: yaw.gyebi@eeoc.gov

Rury,

I just got off the phone with Mrs. Young. I am shocked to find out my employer's Position Statement was due on March 25, 2024. I asked numerous times to provide this information and you refused. Why do you feel you could keep that information from me?

Nearly two months later, you have taken no action to receive a response and if I had not discussed this matter with your supervisor, we would still be idly waiting for them to respond. Your inaction and passivity has now created harmful delay. This is troubling on many levels, especially since I communicated to you during our first call my issues with the EEOC and their failed investigations of my previous, legitimate complaints.

If you do not take this matter seriously, I suggest you ask your boss to remove you from this case as an investigator.

Best,

Marcus

[Quoted text hidden]

 Gmail

Marcus Washington <marcuslutherx@gmail.com>

## Inappropriate Email to Inv. Arzu

9 messages

**DOLANDA YOUNG** <DOLANDA.YOUNG@eeoc.gov>    Wed, May 15, 2024 at 5:17 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Hello, Mr. Washington,

Your email was inappropriate to Investigator Arzu.

The tone of the email feels threatening.

In our discussion, you articulated your frustration about our file processing and lodged your complaint(s).

There was no need to communicate in such a tone to Investigator Arzu.

Moving forward, please be respectful in your communications with our team members.


Regards,

Dolanda Young (pronouns she/ her/ hers)

*Supervisory Investigator*

New York District Office

U.S. Equal Employment Opportunity Commission

33 Whitehall Street, 5th Floor

New York, NY 10004

Phone: (929) 506-5309

**Email:** Dolanda   oung@eeoc.gov

**Public Portal:** https://publicportal.eeoc.gov/Portal/Login.aspx



**Marcus Washington** <marcuslutherx@gmail.com>    Thu, May 16, 2024 at 7:19 AM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, RURY ARZU <RURY.ARZU@eeoc.gov>
Bcc: yaw.gyebi@eeoc.gov

Dolanda

Dolanda,

Per our discussion on Wednesday, May 15, 2024, your follow up response to me should have provided me with the information I sought and have been seeking for some time — the Whitby Hotel's due date based on the company opening the Charge in the EEOC's portal. You stated that once off the phone with me, you would begin getting answers, so I'm shocked to instead find an e-mail from you, in which you're acting like you are my mother and trying to police my words to an "investigator" who is causing unnecessary harmful delay by not abiding by her employer's procedural rules/deadlines and refusing to provide me with information pertinent to my case. Strange.

You write about me needing to be respectful, but as you know, respect is not a one-way street. You can't repeatedly disrespect someone and expect respect in return. To expect such is a sign of insanity. From the beginning, I've been nothing but respectful to Rury. She is the one disrespecting me by refusing to be fully transparent with what's happening in my case and causing harmful delay in the process. I will not allow her to do that, esp. when due dates are being ignored at my expense. As discussed, on two prior occasions, the EEOC has failed to properly investigate my complaints of employment discrimination and is engaging in a pattern of the same questionable conduct yet again. So, if you're worried about the "tone" of my "inappropriate" email (which *was* non threatening) and not the procedural errors of the investigator assigned to my case, then again, that's a serious problem on the EEOC's end.

As communicated to you via the phone, the EEOC needs to get its priorities together and start enforcing our nation's anti-discrimination laws when it concerns those it was primarily designed to protect -- African Americans. Many industries and occupations throughout NYC and the nation REMAIN segregated by race, and the EEOC has done and continues to do little to nothing to address these historical problems while collecting tens of millions of taxpayers' dollars in federal funds each year. That has to change.   If Rury followed the EEOC's procedures, wasn't violating my constitutional right to due process and answered my simple questions, do you honestly think I would have written that "inappropriate" e-mail to Rury? Of course not! There's absolutely no need to drag this "investigation" out unnecessarily and that's what is happening. I don't have time for it and I won't allow it. So, in the future, don't chastise the victim of the EEOC's procedural violations when they've demonstrated that your subordinate isn't doing their job correctly. Address your subordinate and make sure they comply with the EEOC's rules and regulations.

In closing, please provide me with the requested information sought by the end of the day: I want to know the exact date the Charge was viewed by the Whitby Hotel (you only said April) and the second due date for their Position Statement (the first was March 25, 2024). Also, please confirm if the Respondent requested an extension, and if so, the new and final due date for their Position Statement to be submitted.

Best,

Marcus
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                Thu, May 16, 2024 at 6:30 PM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, RURY ARZU <RURY.ARZU@eeoc.gov>
Cc: yaw.gyebi@eeoc.gov

Dolanda,

I did not receive a response or answers to questions I asked. It should not take you more than a day to tell me when the Whitby's Position Statement is due.

Marcus
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                Fri, May 17, 2024 at 10:47 AM
To: charlotte.burrows@eeoc.gov, jocelyn.samuels@eeoc.gov, keith.sonderling@eeoc.gov, andrea.lucas@eeoc.gov, kalpana.kotagal@eeoc.gov, karla.gilbride@eeoc.gov

To the EEOC Commissioners:

Please see e-mails below. We have a serious problem at the EEOC when "investigators" and "supervisors" refuse to provide complainant's with information pertinent to their case (e.g. the due date of Respondent's Position Statement although it's already passed).

It's imperative that all employees of the EEOC are not only upholding the EEOC's rules and regulations, but our nation's anti-discrimination laws and the U.S. Constitution as well. That is NOT being done and I'm tired of this organization not doing its job (racial segregation is still rampant throughout America's workplace) while receiving

millions in taxpayers' dollars each year. Please speak to your employees so that they begin to take their jobs seriously.

If you all don't compel your employees to do their job and provide me with answers to my questions, I will take legal action against the EEOC -- as this will be the third time you've failed to properly and impartially investigate complaints I've been forced to file by law. Charges will include conspiracy, fraud, violation of constitutional right to due process, obstruction of justice and unjust enrichment to name a few.

Best,

Marcus

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                              Fri, May 17, 2024 at 10:49 AM
To: zain.shirazi@eeoc.gov, antoinette.eates@eeoc.gov

Immediate answers are needed.

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                              Mon, May 20, 2024 at 10:31 AM
To: "charlotte.burrows@eeoc.gov" <charlotte.burrows@eeoc.gov>, "jocelyn.samuels@eeoc.gov"
<jocelyn.samuels@eeoc.gov>, "keith.sonderling@eeoc.gov" <keith.sonderling@eeoc.gov>, "andrea.lucas@eeoc.gov"
<andrea.lucas@eeoc.gov>, "kalpana.kotagal@eeoc.gov" <kalpana.kotagal@eeoc.gov>, "karla.gilbride@eeoc.gov"
<karla.gilbride@eeoc.gov>, Dolanda.young@eeoc.gov

Since you hung up on me and tried to make it seem I'm being "inappropriate" because I told you that the "EEOC needs to get it together," I stand by the sentiment since you all are still unable to provide me with answers to any of the questions I have asked regarding this investigation and cannot provide me with the date the Respondent's Position Statement is due.

You also stated during the call that you were waiting to speak the the appropriate person but couldn't provide me their name although I provided Rury with the names and emails of three key people who work for the hotel.

And again, if they viewed the charge and decided to not respond, then they missed their opportunity and the EEOC needs to issue its final decision based on the information before them.

Best,

Marcus

[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                              Mon, May 20, 2024 at 2:23 PM
To: "charlotte.burrows@eeoc.gov" <charlotte.burrows@eeoc.gov>, "jocelyn.samuels@eeoc.gov"
<jocelyn.samuels@eeoc.gov>, "keith.sonderling@eeoc.gov" <keith.sonderling@eeoc.gov>, "andrea.lucas@eeoc.gov"
<andrea.lucas@eeoc.gov>, "kalpana.kotagal@eeoc.gov" <kalpana.kotagal@eeoc.gov>, "karla.gilbride@eeoc.gov"
<karla.gilbride@eeoc.gov>, "Dolanda.young@eeoc.gov" <Dolanda.young@eeoc.gov>

I received a response from who I believe was Rury, stating that the Respondent's Position Statement was due on May 28, 2024.

Thanks for providing that info. I still would like to know the date the Charge was viewed by the Respondent.

Best,

Marcus

[Quoted text hidden]

---

**DOLANDA YOUNG** <DOLANDA.YOUNG@eeoc.gov>                              Mon, May 20, 2024 at 2:27 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Good afternoon, Mr. Washington.

Thank you for your email.

A Respondent official logged on to the portal on April 18, 2024.

[Quoted text hidden]


————— Forwarded message —————
From: Marcus Washington <marcuslutherx@gmail.com>
To: "CHARLOTTE BURROWS [she/her/hers]" <CHARLOTTE.BURROWS@eeoc.gov>, "JOCELYN SAMUELS
[she/her/hers]" <JOCELYN.SAMUELS@eeoc.gov>, KEITH SONDERLING <KEITH.SONDERLING@eeoc.gov>,
ANDREA LUCAS <ANDREA.LUCAS@eeoc.gov>, KALPANA KOTAGAL <KALPANA.KOTAGAL@eeoc.gov>, KARLA
GILBRIDE <KARLA.GILBRIDE@eeoc.gov>, DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>
Cc:
Bcc:
Date: Mon, 20 May 2024 18:23:15 +0000
Subject: Re: Inappropriate Email to Inv. Arzu

> Some people who received this message don't often get email from marcuslutherx@gmail.com. Learn why this is
> important

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links
> and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

I received a response from who I believe was Rury, stating that the Respondent's Position Statement was due on May
28, 2024.

Thanks for providing that info. I still would like to know the date the Charge was viewed by the Respondent.

Best,

Marcus

On Monday, May 20, 2024, Marcus Washington <marcuslutherx@gmail.com> wrote:
> Since you hung up on me and tried to make it seem I'm being "inappropriate" because I told you that the "EEOC
> needs to get it together," I stand by the sentiment since you all are still unable to provide me with answers to any of
> the questions I have asked regarding this investigation and cannot provide me with the date the Respondent's
> Position Statement is due.

> You also stated during the call that you were waiting to speak the the appropriate person but couldn't provide me
> their name although I provided Rury with the names and emails of three key people who work for the hotel.

> And again, if they viewed the charge and decided to not respond, then they missed their opportunity and the EEOC
> needs to issue its final decision based on the information before them.

> Best,

> Marcus

> On Friday, May 17, 2024, Marcus Washington <marcuslutherx@gmail.com> wrote:
>> To the EEOC Commissioners:

>> Please see e-mails below. We have a serious problem at the EEOC when "investigators" and "supervisors" refuse
>> to provide complainant's with information pertinent to their case (e.g. the due date of Respondent's Position
>> Statement although it's already passed).

>> It's imperative that all employees of the EEOC are not only upholding the EEOC's rules and regulations, but our
>> nation's anti-discrimination laws and the U.S. Constitution as well. That is NOT being done and I'm tired of this
>> organization not doing its job (racial segregation is still rampant throughout America's workplace) while receiving
>> millions in taxpayers' dollars each year. Please speak to your employees so that they begin to take their jobs
>> seriously.

>> If you all don't compel your employees to do their job and provide me with answers to my questions, I will take
>> legal action against the EEOC -- as this will be the third time you've failed to properly and impartially investigate
>> complaints I've been forced to file by law. Charges will include conspiracy, fraud, violation of constitutional right to
>> due process, obstruction of justice and unjust enrichment to name a few.

Best,

Marcus

———— Forwarded message ————
From: **Marcus Washington** <marcuslutherx@gmail.com>
Date: Thu, May 16, 2024 at 6:30 PM
Subject: Re: Inappropriate Email to Inv. Arzu
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, RURY ARZU <RURY.ARZU@eeoc.gov>
Cc: <yaw.gyebi@eeoc.gov>

Dolanda,

I did not receive a response or answers to questions I asked. It should not take you more than a day to tell me when the Whitby's Position Statement is due.

Marcus

On Thursday, May 16, 2024, Marcus Washington <marcuslutherx@gmail.com> wrote:
Dolanda,

Per our discussion on Wednesday, May 15, 2024, your follow up response to me should have provided me with the information I sought and have been seeking for some time — the Whitby Hotel's due date based on the company opening the Charge in the EEOC's portal. You stated that once off the phone with me, you would begin getting answers, so I'm shocked to instead find an e-mail from you, in which you're acting like you are my mother and trying to police my words to an "investigator" who is causing unnecessary harmful delay by not abiding by her employer's procedural rules/deadlines and refusing to provide me with information pertinent to my case. Strange.

You write about me needing to be respectful, but as you know, respect is not a one-way street. You can't repeatedly disrespect someone and expect respect in return. To expect such is a sign of insanity. From the beginning, I've been nothing but respectful to Rury. She is the one disrespecting me by refusing to be fully transparent with what's happening in my case and causing harmful delay in the process. I will not allow her to do that, esp. when due dates are being ignored at my expense. As discussed, on two prior occasions, the EEOC has failed to properly investigate my complaints of employment discrimination and is engaging in a pattern of the same questionable conduct yet again. So, if you're worried about the "tone" of my "inappropriate" email (which *was* non threatening) and not the procedural errors of the investigator assigned to my case, then again, that's a serious problem on the EEOC's end.

As communicated to you via the phone, the EEOC needs to get its priorities together and start enforcing our nation's anti-discrimination laws when it concerns those it was primarily designed to protect – African Americans. Many industries and occupations throughout NYC and the nation REMAIN segregated by race, and the EEOC has done and continues to do little to nothing to address these historical problems while collecting tens of millions of taxpayers' dollars in federal funds each year. That has to change.   If Rury followed the EEOC's procedures, wasn't violating my constitutional right to due process and answered my simple questions, do you honestly think I would have written that "inappropriate" e-mail to Rury? Of course not! There's absolutely no need to drag this "investigation" out unnecessarily and that's what is happening. I don't have time for it and I won't allow it. So, in the future, don't chastise the victim of the EEOC's procedural violations when they've demonstrated that your subordinate isn't doing their job correctly. Address your subordinate and make sure they comply with the EEOC's rules and regulations.

In closing, please provide me with the requested information sought by the end of the day: I want to know the exact date the Charge was viewed by the Whitby Hotel (you only said April) and the second due date for their Position Statement (the first was March 25, 2024). Also, please confirm if the Respondent requested an extension, and if so, the new and final due date for their Position Statement to be submitted.

Best,

Marcus

On Wednesday, May 15, 2024, DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov> wrote:

Hello, Mr. Washington,

Your email was inappropriate to Investigator Arzu.

The tone of the email feels threatening.

In our discussion, you articulated your frustration about our file processing and lodged your complaint(s).

There was no need to communicate in such a tone to Investigator Arzu.

Moving forward, please be respectful in your communications with our team members.


Regards,

Dolanda Young (pronouns she/ her/ hers)

*Supervisory Investigator*

New York District Office

U.S. Equal Employment Opportunity Commission

33 Whitehall Street, 5th Floor

New York, NY 10004

Phone: (929) 506-5309

**Email:**  lolanda.Young@eeoc.gov

Public Portal:  https://publicportal.eeoc.gov/Portal/Login.aspx



---

📄 **Re: Inappropriate Email to Inv. Arzu.eml**
59K

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Tue, May 21, 2024 at 10:19 AM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>

Thanks Dolanda.

Is there a reason why they are being given 40 days instead of 30 to submit their Position Statement? Since that has happened, I ask that they not be given an extension of two weeks should they request one. They should only be granted a week.

Best,

Marcus

Marcus
[Quoted text hidden]

 Gmail

Marcus Washington <marcuslutherx@gmail.com>

## RE: EEOC Charge No.:520-2024-02404

5 messages

**DOLANDA YOUNG** <DOLANDA.YOUNG@eeoc.gov>                    Mon, Aug 5, 2024 at 12:15 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Good afternoon, Mr. Washington,

I hope this email finds that you are doing well.

Re:    Marcus Washington v. The Whitby Hotel

Thank you for submitting the material via email to me.

Kindly upload all material to the portal – the EEOC electronic file system and preferred means of communication.

You will receive confirmation from the portal when you upload items.


This email will be uploaded to the portal.

Respectfully,

Dolanda Young (pronouns she/ her/ hers)

*Supervisory Investigator*

New York District Office

U.S. Equal Employment Opportunity Commission

33 Whitehall Street, 5th Floor

New York, NY 10004

Phone: (929) 506-5309

**Email:** Dolanda.oung@eeoc.gov

**Public Portal:** https://publicportal.eeoc.gov/Portal/Login.aspx



---------- Forwarded message ----------
From: Marcus Washington <marcuslutherx@gmail.com>
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>

Cc:
Bcc:
Date: Mon, 5 Aug 2024 16:03:52 +0000
Subject: Fwd: Washington v. The Whitby Hotel | Claimant's Rebuttal | EEOC Charge No.:520-2024-02404

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

I have yet to receive confirmation from Rury that she's received my rebuttal submitted on Wednesday and I don't know why that is. Is she on vacation at the moment? Procedural shortcomings like this really irk me. Please, get your team together.

Best,

Marcus

———— Forwarded message ————
From: **Marcus Washington** <marcuslutherx@gmail.com>
Date: Thursday, August 1, 2024
Subject: Washington v. The Whitby Hotel | Claimant's Rebuttal | EEOC Charge No.:520-2024-02404
To: RURY ARZU <RURY.ARZU@eeoc.gov>


Attached, please find my amended rebuttal. I realized I attached the incorrect document. Exhibits A-FF are forthcoming.

Best,

Marcus

———— Forwarded message ————
From: **Marcus Washington** <marcuslutherx@gmail.com>
Date: Wed, Jul 31, 2024 at 11:58 PM
Subject: Washington v. The Whitby Hotel | Claimant's Rebuttal | EEOC Charge No.:520-2024-02404
To: RURY ARZU <RURY.ARZU@eeoc.gov>


Hi Rury,

Attached, please find the above referenced document. Accompanying exhibits will follow.

Best,

Marcus


**2 attachments**

📄 **Claimant's Amended Rebuttal to TWH's Position Statement FINAL.pdf**
365K

📄 **Fwd: Washington v. The Whitby Hotel | Claimant's Rebuttal | EEOC Charge No.:520-2024-02404.eml**
515K

---

**Marcus Washington** <marcuslutherx@gmail.com>                                        Mon, Aug 5, 2024 at 12:24 PM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, ARLEAN.NIETO@eeoc.gov

Hey,

It's not allowing me to upload all of my exhibits (the pdf documents in particular) or else I would've done that.

However, is that my job to do or the investigator's? Also, is she out of the office this week. I need to know why she has not acknowledged receipt of my documents and why they haven't been uploaded to the portal by the investigator?

Marcus

---

**DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>**                    Mon, Aug 5, 2024 at 12:31 PM
To: Marcus Washington <marcuslutherx@gmail.com>

Hello, Mr. Washington,

Thank you for your message.

You may upload the items individually, reformat the items, or create a zip file or otherwise upload the material.

The portal will accept PDF files.

Thank you for cooperating with us as you upload your material.

[Quoted text hidden]

---------- Forwarded message ----------
From: Marcus Washington <marcuslutherx@gmail.com>
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, ARLEAN NIETO <ARLEAN.NIETO@eeoc.gov>
Cc:
Bcc:
Date: Mon, 5 Aug 2024 16:24:20 +0000
Subject: Re: EEOC Charge No.:520-2024-02404

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links
> and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Hey,

It's not allowing me to upload all of my exhibits (the pdf documents in particular) or else I would've done that.

However, is that my job to do or the investigator's? Also, is she out of the office this week. I need to know why she has not acknowledged receipt of my documents and why they haven't been uploaded to the portal by the investigator?

Marcus

On Monday, August 5, 2024, DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov> wrote:

Good afternoon, Mr. Washington,

I hope this email finds that you are doing well.

Re:    Marcus Washington v. The Whitby Hotel

Thank you for submitting the material via email to me.

Kindly upload all material to the portal – the EEOC electronic file system and preferred means of communication.

You will receive confirmation from the portal when you upload items.

This email will be uploaded to the portal.

Respectfully,

Dolanda Young (pronouns she/ her/ hers)

*Supervisory Investigator*

**New York District Office**

U.S. Equal Employment Opportunity Commission

33 Whitehall Street, 5th Floor

New York, NY 10004

Phone: (929) 506-5309

Email: Dolanda Young@eeoc.gov

Public Portal: https://publicportal.eeoc.gov/Portal/Login.aspx



---

☐ Re: EEOC Charge No.:520-2024-02404.eml
35K

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Mon, Aug 5, 2024 at 2:23 PM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, "Arlean.nieto@eeoc.gov" <Arlean.nieto@eeoc.gov>

You keep responding but you are not answering my questions. Is that what they are paying you to do?

Again, who is supposed to be uploading these documents once submitted to the investigator? Myself or the EEOC after I submit them to my investigator because I've never been asked to do so? Please answer the question.

And I will not attempt to reupload the pdfs because I already tried and received an error message so it will have to be done on your end.

Lastly, where is my investigator at? That information needs to be communicated to me.

Marcus

On Monday, August 5, 2024, DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov> wrote:
[Quoted text hidden]

---

**Marcus Washington** <marcuslutherx@gmail.com>                    Tue, Aug 6, 2024 at 2:45 PM
To: DOLANDA YOUNG <DOLANDA.YOUNG@eeoc.gov>, "Arlean.nieto@eeoc.gov" <Arlean.nieto@eeoc.gov>

I am still awaiting a response. I'm tired of you trying to play me and wasting my time. Answer my questions or close the case. Either way, I will be taking legal action.

Marcus
[Quoted text hidden]

# Exhibit J

# Exhibit K

 Gmail                                     Marcus Washington <marcuslutherx@gmail.com>

## FOIA Request | EEOC Charge No. 520-2024-02404

1 message

**Marcus Washington** <marcuslutherx@gmail.com>                     Mon, Dec 9, 2024 at 7:35 PM
To: FOIA@eeoc.gov

My name is Marcus Washington and I am the Claimant in the case investigated by the EEOC -- Washington v. The Whitby Hotel et al. (EEOC Charge No. 520-2024-02404).

Since I am being told that my case is closed without being allowed an appeal, I am requesting:

1. All records and documents in my case file that were submitted by myself and the Respondent.
2. More specifically, I am requesting all documents submitted by the Respondent in response to the EEOC's Request for Information on September 13, 2024 and its supplemental response on September 23, 2024.

Best,

Marcus Washington

# Exhibit L



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004
Free: (833) 827-2920
TTY: (844) 234-5122
FAX: (212)336-3622
Website: www.eeoc.gov

12/10/2024

VIA: marcuslutherx@gmail.com
Marcus  Washington
54 Boerum Street
Apt. 6m
Brooklyn, NY 11206

**Re: FOIA No.: 520-2025-004083**
**Charge No.: 520-2024-02404**
**Marcus Washington v. The Whitby Hotel**

Dear Mr. Washington:

Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the  New York
District Office on 12/10/2024, is assigned to the **[X] Simple** [ ] Complex [ ] Expedited track with the
above FOIA number. Your request will be processed by Ebony Largo who can be reached at (929) 506-
5369.

**[X]**  **EEOC will make every effort to issue a determination on your request on or before**
**01/09/2025. FOIA and EEOC regulations provide 20 working days to issue a determination**
**on a request, not including Saturdays, Sundays and federal holidays. In unusual**
**circumstances, EEOC may extend the 20 working days by 10 additional working days or**
**stop processing your request until you respond to our request for fee or clarifying**
**information. Should EEOC take an extension or stop processing your request, notice will**
**be issued prior to the expiration of the 20 working days.**

[ ]   EEOC will make every effort to issue a determination on your request on or before 01/09/2025.
FOIA and EEOC regulations, at 29 C.F.R. § 1610.9(d), provide 20 working days to issue a
determination on a request, not including Saturdays, Sundays and federal holidays. As provided
in 5 U.S.C. § 552(a)(6)(B) (2016), due to unusual circumstances we hereby provide you with the
required written notice that we are extending by ten (10) working days the time in which we shall
respond based upon:

    [ ] the need to search for and collect the requested records, if any exist, from field offices or
       other establishments that are separate from this office;

    [ ] the need to search for, collect, and appropriately examine a voluminous amount of
       separate and distinct records which are demanded in a single request; or

    [ ] the need for consultation with another agency, or two or more components of this agency,
       having a substantial interest in the determination of the request.

[ ]   Your "unperfected" request under the FOIA was received on 12/10/2024. The request will not be
processed until it is perfected by the submission to this office a copy of a "Filed" marked court
Complaint on the above charge. 29 C.F.R. § 1610.5(b)(3). Failure to submit a copy of the "Filed"
marked Complaint within 10 working days of your receipt of this letter may result in the

520-2025-004083

administrative closure of your request. Upon receipt of the "Filed" marked Complaint your request will be perfected, and processing will begin. At that time, EEOC will issue a letter acknowledging receipt of your perfected FOIA request, providing the name of the person who will be processing your request, and the date by which you may expect to receive a response from me.

[ ]     Your request for expedited processing is not a proper request. If a "compelling need" exists for the records you request, please promptly submit a statement, certified to be true and correct to the best of your knowledge and belief, describing the reasons processing of your request should be expedited. You may also submit your certified statement by mail to our office address in the letterhead above. Upon receipt of your certified statement, EEOC will adjudicate your request and notify you of the decision within ten (10) calendar days.

You may contact the FOIA Requester Service Center for status updates on your FOIA request or for FOIA information via toll free at (833) 827-2920, to our non-toll free number at (202) 921-2542, by e-mail to FOIA@eeoc.gov, by facsimile to (202) 653-6034, or by mail to our office address in the letterhead above. Additionally, if your request was filed online through the EEOC FOIA Web Portal, you may monitor its status at https://eeoc.arkcase.com/foia/portal/login. You may also contact the EEOC FOIA Public Liaison, Michael L. Heise, for assistance.

Sincerely,


Ebony Largo
_____
**Yaw Gyebi Jr.**
**District Director**
**newyfoia@eeoc.gov**

# Exhibit M

 Gmail

Alkebulan X <humanrights.areamust@gmail.com>

## AAA DOCUMENT RECEIPT- 012400093345

1 message

**do-not-reply@adr.org** <do-not-reply@adr.org>    Sun, Dec 29, 2024 at 10:58 PM
To: humanrights.areamust@gmail.com

 AMERICAN ARBITRATION ASSOCIATION®

# DOCUMENT RECEIPT

# YOUR AAA CASE NUMBER:012400093345

Thank you for choosing American Arbitration Association. Please print a copy of this page for your records.

**Basic Filing Information**

Marcus Washington
2123658287
humanrights.areamust@gmail.com
Arbitration
Stay the arbitration, pending resolution from federal court and/or conclude that arbitration is not an appropriate forum to decide the merits of this case.

| Filing Fee Charged | $350.00 |
|---|---|

**Documents received on December 29, 2024 at 10:58 PM Eastern Time.**

This notice acknowledges receipt of your filing on December 29, 2024, at 10:58 PM EST. **PLEASE NOTE:** This notice does not constitute the AAA's initiation of the case and does not confirm that all filing requirements have been satisfied. It only acknowledges receipt of the filing.

## ADDITIONAL REQUIREMENTS:

1. You must send a copy of the completed filing form to all parties. The American Arbitration Association (AAA-ICDR) does not do this on your behalf.
2. When sending the completed filing form to all parties, include a copy of the agreement, court order, or post-dispute submission referencing the American Arbitration Association (AAA-ICDR). This information should have been included as part of your initial filing.
3. Retain a copy of the filing form and all attachments for your records.

## NEXT STEPS:

Our team will review your filing to determine if all requirements have been met. Please note that this process can take up to 14 days, depending on several factors, including the current volume of case filings (this timeframe does not apply to cases seeking emergency relief). If additional information is needed, the AAA will contact you. To amend or

modify your filing, please contact Casefiling@adr.org.

**PLEASE NOTE: Your case filing will not be visible on the WebFile® portal during review.**

If we determine that all filing requirements have been met and that the AAA is the proper administrator of the case, a case manager will contact you with information on how to access your case. If the AAA declines to administer your case, we will notify you of the basis for that determination.

For additional information, please see the applicable rules. Thank you.

**Please do not reply to this email. This is an automatically generated email from an unmonitored email address.**
**If you have any questions, please contact Case Filing at Casefiling@adr.org.**

# Exhibit N

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Marcus Isaiah Washington

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

American Arbitration Association, Peter Kevin Castel (personal), Eric Komitee (personal),
_____

Equal Employment Opportunity Commission, Firmdale Hotel PLC, The Whitby Hotel, et al.
_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ (   ) (   )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed _in forma pauperis_ (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1.  *Are you incarcerated?*  ☐ Yes   ■ No   (If "No," go to Question 2.)
    I am being held at: _____

    Do you receive any payment from this institution? ☐ Yes   ☐ No

    Monthly amount: _____

    If I am a prisoner, _see_ 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. _See_ 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2.  Are you presently employed?   ■ Yes   ☐ No

    If "yes," my employer's name and address are:


    Gross monthly pay or wages: **$6,666.67** _____

    If "no," what was your last date of employment? _____

    Gross monthly wages at the time: _____

3.  In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

    (a) Business, profession, or other self-employment    ☐ Yes   ■ No
    (b) Rent payments, interest, or dividends             ☐ Yes   ☒ No

(c) Pension, annuity, or life insurance payments     ☐ Yes    ☒ No

(d) Disability or worker's compensation payments     ☐ Yes    ☒ No

(e) Gifts or inheritances     ☐ Yes    ☒ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)     ☐ Yes    ☒ No

(g) Any other sources     ☐ Yes    ☒ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

I pay with the money I recieve from my salary mentioned in question 2.

4. How much money do you have in cash or in a checking, savings, or inmate account?

Checking: $2,300

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

N/A

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

Housing $400/month, Utilities: $65/month Transportation: $200/month
Health: $230/month, Credit Card Debt: $2000/month Other: $100/month

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

N/A

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

Student Loan Debt: $100,000+, Credit Card Debt: $6,000

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

December 30, 2024

| Dated | Signature |
|---|---|
| Washington, Marcus, I. | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |
| 54 Boerum Street, Apt. 6M    Brooklyn | New York    11206 |
| Address    City | State    Zip Code |
| (212) 365-8287 | humanrights.areamust@gmail.com |
| Telephone Number | E-mail Address (if available) |

IFP Application, page 2