UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS WASHINGTON,

                Plaintiff,

-against-

AMERICAN ARBITRATION ASSOCIATION;
PETER KEVIN CASTEL; ERIC KOMITEE;
THE ESTATE OF ROBERT P. PATTERSON;
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION; CHAROLETTE BURROWS;
KEITH SONDERLING; ANDREA LUCAS;
KALPANA KOTAGAL; JOCELYN SAMUELS;
KARLA GILBRIDE; YAW GYEBI; LISA
MORELLI; WESLEY KATHARIA; DOLANDA
YOUNG; RURY ARZU,

                Defendants.

25-CV-0440 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against federal district court judges, the Equal Employment Opportunity Commission (EEOC) and its employees, and the American Arbitration Association (AAA).[1] Plaintiff has been barred, however, from bringing suit against these individuals and entities without leave of court. *Washington v. William Morris Endeavor Entertainment, LLC*, No. 10-CV-09647 (PKC) (JCF) (S.D.N.Y. July 20, 2011) (ECF 59). The Court therefore dismisses this action, without prejudice to Plaintiff's pursuing his claims, if any, against The Whitby Hotel, which is not named as a defendant in this action.

---

      [1] By order dated May 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

According to public records, Plaintiff is subject to a pre-filing injunction issued in *Washington*, No. 10-CV-9647. In that employment discrimination action, Judge Castel concluded that Plaintiff and his employer, William Morris Endeavor Entertainment LLC, had agreed to arbitrate issues of arbitrability (including whether the arbitration agreement was enforceable and the scope of the agreement), and Judge Castel therefore stayed the action pending an arbitration award. The arbitration award dismissed Plaintiff's claims and directed Plaintiff to pay $43,7077.60 to the employer in costs and fees. By order dated September 5,

2014, Judge Castel granted the employer's motion to confirm the award and, based on Plaintiff's conduct in the course of litigation, enjoined Plaintiff from, among other things:

> filing or otherwise commencing any action in any federal district court arising out of or relating to this action or the arbitration proceeding before Arbitrators Gregory and Lewis against any person or entity including, but not limited to, defendants and their present or former employees, agents, or attorneys, the American Arbitration Association and its present or former employees or agents, arbitrators, or any judge, clerk, court reporter, employee or agent of any court of the United States of America without first obtaining a written order from this court authorizing him to do so.

*Washington*, No. 10-CV-09647, ECF 59 ("the SDNY Filing Injunction Order").

Thereafter, in disregard of Judge Castel's order, Plaintiff filed a new employment discrimination action, arising for his employment as a per diem substitute teacher with the New York City Department of Education, *Washington v. United States of America*, No. 1:23-CV-05312 (EK) (PK) (E.D.N.Y.). Even though Plaintiff had been directed to seek permission before filing any suit against, among others, the American Arbitration Association, Arbitrator Timothy Lewis, and any federal judge or federal court employee, Plaintiff did not seek permission for his suit naming "the American Arbitration Association, Timothy Lewis, Michael P. Zweig, Christian Carbone,[2] Judge Peter Kevin Castel, Judge Loretta A. Preska, the estate of Robert P. Patterson, the Southern District of New York, and the Second Circuit as defendants." (ECF 4 at 6.)

District Judge Komitee held that, in bringing suit against these defendants, "plaintiff is in violation of the SDNY Filing Injunction Order." *Id.* Judge Komitee granted Plaintiff leave to file an amended complaint solely as to his employment discrimination claims against the NYC DOE, and terminated the other 45 defendants, in part based on Judge Castel's SDNY Filing Injunction.

---

[2] Attorneys Zweig and Carbone represented William Morris Endeavor Entertainment, LLC, in *Washington*, No. 10-CV-9647 (PKC).

3

Judge Komitee cautioned Plaintiff that if he "continues to pursue frivolous claims, a broader filing injunction will become appropriate." (*Id.* at 13.)

Thereafter, on December 30, 2024, Plaintiff filed this action in the United States District Court for the Eastern District of New York, naming Judge Komitee, Judge Castel, the AAA, the EEOC, the Estate of [former U.S. District Court Judge] Robert P. Patterson, and EEOC employees and officers.[3] The complaint includes facts about (1) Plaintiff's attempts to litigate his employment discrimination claims against William Morris Endeavor Entertainment, LLC before Judge Castel; (2) Plaintiff's attempts to litigate his employment discrimination claims against the New York City DOE before Judge Komitee; and (3) termination of Plaintiff's employment as an event manager at The Whitby Hotel, where he had worked for about three months, from July 2024 until October 27, 2024.[4]

Plaintiff states that he signed an arbitration agreement "as a condition of employment" at The Whitby Hotel, which provided that "all issues had to be resolved by the [AAA]." (ECF 1 at 2.) Plaintiff filed a discrimination charge with the EEOC,[5] and then filed a demand for arbitration with the AAA, in order to ensure that his Title VII claims would not be dismissed, even though he objects to arbitration "due to past fraud." (*Id.* at 2.) Although Plaintiff provides

---

[3] Plaintiff notes that Judge Patterson had presided over a separate suit against William Morris, *Rowe Entertainment v. William Morris Agency*, No. 98-CV-08272 (RPP) (JCF) (S.D.N.Y. Feb. 14, 2005).

[4] Plaintiff alleges that on October 27, 2024, Plaintiff's employment was terminated. "Elizaveta" informed Plaintiff that he was "not a good fit" for the events team, even though he had previously been told that he "was on track to becoming one of the company's 'superstars.'" (ECF 1 at 5.)

[5] Plaintiff filed a charge of discrimination against The Whitby Hotel with the EEOC, alleging violations of his rights under Title VII, 42 U.S.C. § 2000e. On September 30, 2024, the EEOC issued a Notice and Right to Sue letter, and Plaintiff appealed on October 15, 2024, to the EEOC's Commissioner and Board of Directors. Shortly thereafter, on November 18, 2024, the EEOC upheld the New York Office's dismissal of Plaintiff's charge.

4

some details of his experience at The Whitby Hotel, he has not named The Whitby Hotel as a defendant in this action.

Plaintiff describes this action as follows:

> This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress the unlawful and highly unethical conduct of Defendants American Arbitration Association, Article III federal judges Peter Kevin Castel and Eric Komitee (in their individual capacities), and the Equal Employment Opportunity Commission ("EEOC") for engaging in a race-based conspiracy to subvert the substantive strength of the Civil Rights Act of 1964, as well as "freeze" racial segregation throughout all areas of society.

(*Id.* at 1.)

Plaintiff seeks to stay arbitration of his employment discrimination claims against The Whitby Hotel "pending the resolution of claims against Defendants AAA, Castel, Komitee, the EEOC and its employees Lisa Morelli, Wesley Katharia, Dolanda Young, Rury Arzu and its Commissioners."

Plaintiff seeks a monetary judgment against the AAA for no less than $50 million, monetary judgments against District Court Judges Castel and Komitee and their impeachment, and the termination of EEOC employees who have allegedly failed to enforce antidiscrimination laws. He asks the Court "to overturn all decisions rendered by Castel, Komitee, and the AAA in the two civil rights cases" in which he is the plaintiff. (ECF 1 at 7.) He also asked to move this case to a "non-racially segregated district court." (*Id.* at 1.) The United States District Court for the Eastern District of New York transferred this action, on January 15, 2025, to this district.

On May 13, 2025, Plaintiff moved to disqualify Chief Judge Swain from presiding over this action, and he reiterated that request in a letter dated July 2, 2025. (ECF 6, 10.) By letter dated June 3, 2025, Plaintiff addressed the status of his arbitration proceedings and other alleged injustices and asked this Court to intervene in the AAA proceedings to disqualify the current

5

arbitrator. (ECF 8.) On June 12, 2025, Plaintiff submitted a letter asking the Court to reinstate *Rowe v. The William Morris Agency*, No. 98-CV-8287 (RPP), due to alleged fraud. (ECF 9.)

## DISCUSSION

**A.     Motion For Recusal**

Plaintiff seeks to disqualify Chief Judge Swain from presiding over this action. He alleges that the delay in adjudicating this matter "indicates to me that [Chief Judge Swain is] taking a page out of Defendant's Eric Komitee's playbook of judicial misconduct and [is] trying to figure out a way to dismiss the case without having to decide the merits of [his] claims." (ECF 6 at 2.) Because this matter has been reassigned to the undersigned, under the Rules for the Division of Business Among District Judges, Plaintiff's motion to disqualify Chief Judge Swain is denied as moot.[6]

**B.     Failure to comply with pre-filing injunction**

Plaintiff brings this suit against District Judge Castel, the Estate of Robert P. Patterson, the AAA, and the EEOC and its employees and officers. Plaintiff was already on notice when he brought this action, however, that it was a violation of the SDNY Filing Injunction to sue these defendants without prior permission. *Washington*, No. 10-CV-09647 (ECF 59). The Court therefore dismisses the complaint, without prejudice, for Plaintiff's failure to comply with Judge Castel's September 5, 2014 filing injunction by seeking leave to file this action.[7]

---

[6] The Court notes that, in any event, Plaintiff's motion for recusal is not based on extrajudicial conduct. *See Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) ("The showing of bias warranting recusal must ordinarily be based on "extrajudicial conduct, . . . not conduct which arises in a judicial context.").

[7] Nothing in this order prevents Plaintiff from seeking relief in connection with his employment discrimination claims against The Whitby Hotel. Because The Whitby Hotel is not named as a defendant in this action, the Court declines to consider any possible claims here.

Insofar as Plaintiff seeks to reopen a closed district court case, *Rowe v. The William Morris Agency*, No. 98-CV-8287 (RPP), (ECF 9), any application for such relief must be brought in that matter.[8]

## CONCLUSION

Plaintiff's motion for recusal (ECF 6) is denied as moot. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for Plaintiff's failure to comply with Judge Castel's September 5, 2014 filing injunction in *Washington*, No. 10-CV-09647 (ECF 59), by seeking leave to file this action. The Clerk of Court is directed to terminate all pending motions. Judgment shall enter.

SO ORDERED.

Dated:  July 9, 2025
        New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

---

[8] The Court notes, however, that a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment, must be filed within a "reasonable time" and must show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Amer., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).